491 A.2d 130

**Theodore PADEZANIN, Appellant,**

v.

**Dorothy PADEZANIN.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1984.

Filed March 29, 1985.

Debra A. Genevie, Beaver Falls, for appellant.

Thomas W. Minett, Assistant District Judge, Elwood City, for appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

SPAETH, President Judge:

This is an appeal from an order distributing marital property and awarding counsel fees and alimony to appellee. We reverse and remand for further proceedings.

■ The trial court determined that appellant's vested Railroad Retirement Pension was marital property and valued it at $64,090. The court let appellant keep his pension but it compensated appellee by distributing to her other marital property equal in value to one-half the value of the pension. Appellant argues that his pension may not be distributed as marital property, and that therefore other marital property may not be distributed to appellee to compensate her because he kept the pension. We agree. In *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), the Supreme Court held that § 231m of the Railroad Retirement Act, 45 U.S.C. § 231m, which provided that creditors could not attach a Railroad Retirement Pension and that the pension could not be anticipated, prevented distribution of the pension to the railroad employee's former spouse, and also prevented an offsetting award of other property to the former spouse. *Id.* at 585–90, 99 S.Ct. at 810–13. Since here the trial court made an offsetting award, we must reverse its order and remand so that it may reconsider its property distribution. We note that on remand the court should consider the effect of a 1983 Amendment to the Railroad Retirement Act that allows at least some of the benefits to be valued as marital or community property and then distributed upon divorce. *See* 45 U.S.C. § 231m (b)(2).[1]

1. § 231m as amended provides:
   **§ 231m. Assignability; exemption from levy**
   (a) Except as provided in subsection (b) of this section and the Internal Revenue Code of 1954 [26 U.S.C.A. § 1 et seq.], notwith-

Appellant also argues that the trial court abused its discretion in requiring him to pay alimony and one-half of so much of appellee's counsel fees as were attributable to the divorce and property distribution. We do not address these arguments, for on remand the trial court will have to reassess the respective positions of the parties, and in light of that reassessment will have to reconsider the issues of alimony and counsel fees. We shall, however, address two other arguments appellant makes regarding counsel fees, for they will no doubt arise again on remand and judicial economy will be served by addressing them now.

The master recommended that appellant pay a percentage of counsel fees attributable to a divorce action filed by appellee in 1978 but dismissed before the commencement of this action. The master also recommended that appellant pay a percentage of appellee's counsel fees attributable to a prior support action by appellee. Appellant's exceptions to the master's report challenged both these recommendations. The trial court agreed with appellant that counsel fees attributable to the prior divorce action should not be awarded, but it awarded counsel fees attributable to the prior

standing any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated.

(b)(1) This section shall not operate to exclude the amount of any supplemental annuity paid to an individual under section 231a(b) of this title from income taxable pursuant to the Federal income tax provisions of the Internal Revenue Code of 1954 [26 U.S.C.A. § 1 et seq.].

(2) This section shall not operate to prohibit the characterization or treatment of that portion of an annuity under this subchapter which is not computed under section 231b(a), 231c(a), or 231c(f) of this title, or any portion of a supplemental annuity under this subchapter, as community property for the purposes of, or property subject to, distribution in accordance with a court decree of divorce, annulment, or legal separation or the terms of any court-approved property settlement incident to any such court decree. The Board shall make payments of such portions in accordance with any such characterization or treatment or any such decree or settlement. This section as amended became effective with respect to annuity amounts payable for months beginning after the date of its enactment (August 12, 1983) *Id.* note.

30

support action. Incident to this decision, the court, without hearing and on the basis of its own examination of the record of the prior divorce action, found that the value of appellee's counsel's services in the prior divorce action was $200. It then subtracted that amount from the amount of counsel fees awarded appellee as attributable to this action.

In a divorce action, a trial court may award reasonable counsel fees and expenses. *See* 23 P.S. § 502. However, the fees and expenses awarded must be attributable to the divorce action. A proceeding for support is a separate action, authorized by 48 Pa.C.S. § 131 (suspended as to procedure by Pa.R.C.P. 1910.31, 42 Pa.C.S.). The support law does not authorize the award of counsel fees and expenses. A court is therefore powerless to award counsel fees and expenses in a support action. *See Drummond v. Drummond,* 414 Pa. 548, 200 A.2d 887 (1964).

The trial court reasoned that it nevertheless could award appellee counsel fees attributable to the prior support action because the prior support action was "related to" this divorce action in that in this divorce action appellee counterclaimed to recover support arrearages. Slip op. of tr. ct. at 8. We are not persuaded by this reasoning. A claim to recover support arrearages is not a proper counterclaim to a divorce complaint. Pa.R.C.P. 1920.15 (counterclaim in divorce action "may set forth any other matter which under the Divorce Code may be joined with an action of divorce").

On remand, therefore, the trial court shall make no award of counsel fees and expenses attributable to the prior support action. Moreover, we agree with appellant that the court acted improperly in finding, without any hearing, that the value of appellee's counsel fees attributable to the prior divorce action was $200. On remand the court shall determine appellee's reasonable counsel fees and expenses attributable to the present action alone, without reference either to the prior divorce action or to the prior support action.

Reversed and remanded for proceedings consistent with this opinion. Jurisdiction is not retained.