**Debra Ann PERSONS, Plaintiff and Appellee,**

v.

**Percy Page PERSONS, Defendant and Appellant.**

**Civ. No. 11226.**

Supreme Court of North Dakota.

Dec. 2, 1986.

Garaas Law Firm, Fargo, for plaintiff and appellee; argued by Jonathan T. Garaas.

Robert A. Ramlo, Fargo, for defendant and appellant.

LEVINE, Justice.

In this appeal from a divorce judgment Percy Persons challenges property division and visitation rights while Debra Persons moves to partially dismiss Percy's appeal. We deny the motion to dismiss, affirm the judgment but remand for modification as agreed upon by the parties.

■ Debra Persons moves to dismiss that portion of the appeal relating to property division. She claims that Percy has accepted substantial benefits under the divorce judgment. The property at issue was stipulated at trial by Debra to be property that should be awarded to Percy. We have held that an acceptance of substantial benefits under a judgment does not waive the right to appeal from that judgment if the benefits were fixed by consent, are undisputed, or could not be changed or reversed by the appeal. *Piper v. Piper*, 234 N.W.2d 621, 622 (N.D.1975). Because the benefits received by Percy were undisputed, we deny the motion to dismiss.

■ Percy claims the division of property is clearly erroneous because Debra received the lion's share. This case is permeated with economic fault attributable to Percy. While some members of this Court believe that no distinction need be drawn between economic fault and noneconomic fault, others believe that only economic fault is relevant in property division. *See Erickson v. Erickson*, 384 N.W.2d 659, 662 (N.D.1986) (Levine, J., specially concurring). In this case there is no disagreement that the trial court appropriately considered the fault of Percy in dividing the property. We hold the trial court's property division is not clearly erroneous.

Next, Percy argues that the trial court erred in failing to award him visitation on alternate holidays and in granting him only two weeks visitation in the summer. The divorce judgment grants visitation on alternate weekends, every Thursday evening, and for two consecutive weeks during the month of July.

A trial court's determination on visitation will not be overturned on appeal unless it is clearly erroneous. *See Quirk v. Swanson*, 368 N.W.2d 557 (N.D.1985). In matters pertaining to custody and visitation rights, our primary concern is the best interests of the children. *Muraskin v. Muraskin*, 336 N.W.2d 332, 336 (N.D.1983); *Burich v. Burich*, 314 N.W.2d 82 (N.D.1981). However, visitation between a child and the noncusto-

dial parent is legally recognized to be in the best interests of the child. *Olson v. Olson,* 361 N.W.2d 249, 252 (N.D.1985). Such visitation is viewed not merely as a privilege of the parent, but as a right of the child. *Gardebring v. Rizzo,* 269 N.W.2d 104, 110 (N.D.1978), citing *Marotz v. Marotz,* 80 Wis.2d 477, 259 N.W.2d 524 (1977).

Viewing the visitation provisions as a whole, we are not convinced that the two-week summer visitation is clearly erroneous. With regard to Percy's request for alternate holiday visitation, Debra agrees to such a modification of the judgment. Therefore, we remand for the trial court to modify the judgment accordingly. The amended judgment should delineate whether Christmas Eve and Christmas Day constitute one holiday because this is a point of abiding contention.

The divorce judgment is affirmed but we remand for modification regarding holiday visitation.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.