Barbara J. BELT, Plaintiff and Appellee,

v.

Robert R. BELT, Defendant and Appellant.

Civ. No. 11230.

Supreme Court of North Dakota.

Jan. 7, 1987.

Mack, Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for plaintiff and appellee, argued by Shirley A. Dvorak.

Craft & Thompson, Fargo, for defendant and appellant, argued by Dale J. Craft.

MESCHKE, Justice.

Robert Belt appeals from a judgment awarding a divorce to Barbara Belt, dividing the marital property, and ordering Rob-

ert to pay spousal support and child support. We affirm the divorce decree, but remand for reconsideration of the economic issues.

Robert and Barbara married in 1964. Robert has worked for Burlington Northern Railroad for many years, and Barbara has worked as a bank teller. The marriage gradually deteriorated and in 1984 the couple separated. Barbara subsequently sought a divorce.

Following a trial, the district court ordered Robert to pay child support of $450 per month ($225 per minor child) and spousal support of $100 per month until December 1988, when the spousal support will increase to $150 per month. Spousal support is to continue until Barbara begins receiving a portion of Robert's retirement benefits.

The vast majority of the parties' net worth was represented by a single asset, the $39,000 equity in the family home. Barbara received the bulk of the parties' property, including the equity in the home.

The key issue on appeal is whether the trial court improperly considered Robert's "Tier I" retirement benefits in distributing the marital property.

Retirement benefits for railroad employees are governed by federal statute. *See* 45 U.S.C. § 231. The federal scheme provides two "tiers" of benefits.[1] Tier I benefits are equivalent to those the employee would receive if covered by the Social Security Act, while Tier II benefits resemble a private pension and are based upon earnings and career service. *See Hisquierdo v. Hisquierdo,* 439 U.S. 572, 574–575, 99 S.Ct. 802, 804–805, 59 L.Ed.2d 1, 6–7 (1979).

The federal statute, at 45 U.S.C. § 231m, provides that "notwithstanding any other law ... of any State, ... no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall

the payment thereof be anticipated." In *Hisquierdo, supra,* the United States Supreme Court considered whether an award of railroad retirement benefits to a spouse in distributing the marital assets of the parties upon divorce was prohibited by the statute. The Court held that § 231m prohibits the division of benefits payable under the Railroad Retirement Act as "property" upon divorce. Under the Supremacy Clause, the states must defer to the Act's statutory scheme for allocation of benefits. The Court went on to hold that an award of other marital property to offset the employee-spouse's interest in expected future benefits would also violate § 231m:

> "An offsetting award, however, would upset the statutory balance and impair petitioner's economic security just as surely as would a regular deduction from his benefit check. The harm might well be greater. Section 231m provides that payments are not to be 'anticipated.' ... [T]he offsetting award respondent seeks would improperly anticipate payment by allowing her to receive her interest before the date Congress has set for any interest to accrue."

*Hisquierdo, supra,* 439 U.S. at 588–589, 99 S.Ct. at 811–812, 59 L.Ed.2d at 15.

Numerous state courts have followed *Hisquierdo* in holding that benefits under the Act may not be divided, nor may an offsetting award of other marital property be made. *E.g., Padezanin v. Padezanin,* 341 Pa.Super. 26, 491 A.2d 130, 131 (1985); *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 401 (Tex.1979); *Larango v. Larango,* 93 Wash.2d 460, 610 P.2d 907, 908 (1980).

The *Hisquierdo* decision has been characterized as precluding consideration of railroad retirement benefits directly or indirectly in distributing the marital assets of the parties. *Kendall v. Kendall,* 106 Mich. App. 240, 307 N.W.2d 457, 458–459 (1981); *In re Marriage of Knudson,* 186 Mont. 8, 606 P.2d 130, 131 (1980); *Rommelfanger v. Rommelfanger,* 114 Wis.2d 175, 337

1. The parties refer to these as "Tier I" and "Tier II." For brevity and clarity, we use the same

references.

N.W.2d 851, 853 (Ct.App.1983). *But see In re Marriage of Roark*, 34 Wash.App. 252, 659 P.2d 1133, 1135 (1983) (railroad retirement benefits may be considered as an "economic circumstance" of the parties when apportioning community property upon divorce).

In 1983 Congress amended § 231m. The amendment expressly permits characterization of Tier II benefits as "community property" subject to distribution upon divorce. *See* § 231m(b)(2). The trial court did divide Robert's Tier II benefits, awarding two-thirds of those benefits to Barbara and one-third to Robert. Robert has not challenged the trial court's distribution of these Tier II benefits.

Barbara essentially concedes that Tier I benefits remain subject to the limiting provisions of § 231m following the 1983 amendments and that, pursuant to *Hisquierdo*, courts still may not distribute Tier I benefits, award other marital property as an offset, or otherwise consider the employee's Tier I benefits in arriving at an equitable distribution of the marital property. Barbara asserts, however, that the trial court did not consider Robert's Tier I benefits when dividing the parties' property, but rather relied on other factors, particularly Robert's dissipation of assets during the marriage, to reach its determination on distribution of the assets.

However, the trial court's memorandum opinion, which served as its findings of fact and conclusions of law as permitted by Rule 52(a), N.D.R.Civ.P., indicates that the trial court considered Robert's Tier I benefits in arriving at a property division:

"An overview will indicate the equity of the house being passed to Barbara with no 'real' asset available as balance to Robert. The Court looks ahead to the time when Barbara may choose to sell the house and receive the equity as about the time Robert will begin receiving his substancial [sic] share of his retirement

credits and chooses to view these two occurances [sic] as approximately equal."
Because the trial court awarded Barbara two-thirds of Robert's Tier II benefits, it is clear that the substantial benefits contemplated by the trial court include Robert's Tier I benefits. Inasmuch as the trial court rationalized the award of the equity in the home to Barbara by equating it to Robert's retirement benefits, we can only view this as an "offset" prohibited by the Supreme Court's interpretation of § 231m enunciated in *Hisquierdo*. *See Kamel v. Kamel*, 721 S.W.2d 450 (Tex.Civ.App.1986).

The trial court's determinations on matters of property division are treated as findings of fact and will not be set aside on appeal unless they are clearly erroneous. *Routledge v. Routledge*, 377 N.W.2d 542, 548 (N.D.1985). A finding of fact is clearly erroneous when it lacks substantial evidentiary support or is induced by an erroneous view of the law. *Bullock v. Bullock*, 376 N.W.2d 30, 31 (N.D.1985). Although we agree that the record amply demonstrates economic fault by Robert which might support a disparate property division, *see, e.g., Persons v. Persons*, 396 N.W.2d 744, (N.D. 1986), we cannot ignore the trial court's unfortunate consideration of an inappropriate factor, Robert's Tier I benefits. We conclude that the trial court's findings on property division were induced by an erroneous view of the law, and we therefore remand for a redetermination of the distribution of the parties' marital assets.

Robert has raised numerous other issues relating to the property division, award of spousal support, and award of child support. Review of these issues would be premature because we remand for a redetermination of the property distribution, which may include changes in the property distribution, spousal support, and child support.[2] *See Pankow v. Pankow*, 347 N.W.2d 566, 569 (N.D.1984). We therefore do not address these additional issues.

---

**2.** We do not intimate that changes are in fact necessary. Because we reverse and remand based solely upon the trial court's inappropriate consideration of Robert's Tier I benefits, we express no view on the equitableness of the property division or the adequacy of the spousal and child support ordered by the trial court.

Barbara has requested that we award her attorney's fees on appeal. Although this court and the trial court have concurrent jurisdiction to award attorney's fees on appeal, we have expressed our preference that the determination be made by the trial court. *Routledge v. Routledge, supra*, 377 N.W.2d at 549.

The decree of divorce is affirmed, but that portion of the judgment addressing economic issues is reversed and the case is remanded for further proceedings consistent with this opinion. No costs on appeal are awarded to either party.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.