544 A.2d 482

**Joseph TALUTTO**

v.

**Bertha TALUTTO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1988.

Filed June 27, 1988.

John P. Bogdanovicz, Scranton, for appellant.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This is a timely appeal by defendant Bertha Talutto of a final Order, dated August 3, 1987, granting the parties a divorce pursuant to section 201(c) of the Divorce Code, 23 P.S. § 201(c), providing for equitable distribution of the marital property, and awarding $100 per month alimony to appellant/wife for an indefinite period of time. On appeal, appellant contests the trial court's distribution of marital property and alimony award.

The parties were married on November 27, 1941. During the course of their marriage they had four children, all of whom are adult individuals. The parties separated sometime in December, 1982. Appellee Joseph Talutto filed a complaint in divorce on February 16, 1984 alleging grounds for divorce pursuant to 23 P.S. §§ 201(c) and 201(a)(6) of the Divorce Code, 23 P.S. § 101 *et seq.* An amended complaint was filed on November 28, 1984 alleging additional grounds for divorce pursuant to 23 P.S. § 201(d). On March 20, 1985, a hearing was held before a master, resulting in the master's report and recommendations filed that day. Timely exceptions to the master's report and recommendations were filed by appellee on May 28, 1987, resulting in the August 3, 1987 Order from which appellant has filed the instant appeal.

Appellee was born on September 9, 1920 and was sixty-six years old at the time of the hearing. He retired due to a disability in 1973 from the Erie & Lackawanna Railroad after working there for thirty-four years. The trial court and master found appellee's sole source of income to be his benefits received under the Railroad Retirement Act of 1974 (hereinafter "the Act"), 45 U.S.C. § 231 *et seq.*,[1] amounting to $8,640 annually.

1. Act of Oct. 16, 1974, P.L. 93–445, Title I, § 101, 88 Stat. 1305, 45 U.S.C. § 231 *et seq.*, generally amended Act of August 29, 1935, ch 812, §§ 1–14, 49 Stat. 967–973, formerly 45 U.S.C. §§ 215–228, and Act of June 24, 1937, ch. 382, 50 Stat. 307, formerly 45 U.S.C. § 228a *et seq.*,

Appellant was born December 29, 1924 and was sixty-two years old at the time of the hearing. She too is unable to work due to a disability. The trial court and master found appellee's annual income to consist of $2,724 from Social Security disability payments and $1,800 from appellant as spousal support, for a total of $4,524.[2]

The marital estate is relatively small. Although the trial court adopted the master's recommendation that appellant receive all of the marital household furnishings, which are of inconsequential value, the trial court rejected the master's recommendation with respect to appellee's railroad benefits. The master recommended appellant receive a twenty percent interest in appellee's railroad retirement benefits until such time that she receives benefits in her own right through the railroad retirement pension, at that time her interest in appellee's benefits would be diminished by fifty percent of the amount she actually received. Thus, the master treated the appellant's railroad retirement benefits as marital property subject to equitable distribution. Upon review of appellee's exceptions, the trial court concluded that appellee's benefits should not be considered marital property and, therefore, did not subject them to equitable distribution. Additionaly, the master and trial court did not include as marital property certain cash and real estate derived therefrom which was received by appellant from her mother's estate as an inheritance.

On appeal appellant raises two issues, both concerning the application of the Railroad Retirement Act of 1974, *supra*.[3] First, appellant claims the trial court erred in finding that federal law prevents distribution of appellee's railroad retirement pension as marital property. Second,

amended by Act of August 13, 1981, P.L. 97–35, Title XI, Subtitle D, § 1116, 95 Stat. 628, further amended by Act of August 12, 1983, P.L. 98–76, Title IV, §§ 402(a), 403(a), 410(a), 97 Stat. 434, 435.

2. The existing spousal support award was made pursuant to an action for spousal support filed by appellant in August, 1983, Court of Common Pleas of Lackawanna County, No. 82–DR–1411. The award consisted of $150 per month current support plus $50 per month to be applied to arrearages.

3. We note that appellee has failed to file a brief in this appeal.

appellant claims that in awarding her alimony the trial court failed to consider the possible adverse effects 45 U.S.C. § 231c(i), dealing with reductions in survivors' annuities, may have on appellant's future income.

On the question of equitable distribution, appellant argues that the 1983 amendment to 45 U.S.C. § 231m of the Act allows federal railroad retirement benefits to be considered marital property and subject to distribution through any court decree of divorce. Section 231m provides:

**§ 231m. Assignability; exemption from levy**

(a) Except as provided in subsection (b) of this section and the Internal Revenue Code of 1954 [26 U.S.C. § 1 *et seq.*], notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated[.]

(b)(1) This section shall not operate to exclude the amount of any supplemental annuity paid to an individual under section 2(b) of this Act [45 U.S.C. § 231a(b)] from income taxable pursuant to the Federal income tax provisions of the Internal Revenue Code of 1954 [26 U.S.C. § 1 *et seq.*].

(2) The section shall not operate to prohibit the characterization or treatment of that portion of any annuity under this Act which is not computed under section 3(a), 4(a), or 4(f) of this Act [45 U.S.C. §§ 231b(a), 231c(a) or (f)], or any portion of a supplemental annuity under this act, as community property for the purposes of, or property subject to, distribution in accordance with a court decree of divorce, annulment, or legal separation or the terms of any court-approved property settlement incident to any such court decree. The Board shall make payments of such portions in accordance with any such characterization or treatment or any such decree or settlement.

Essentially, subsections (a) and (b)(1) embody the former language of § 231m with slight modification.[4] It is only subsection (b)(2) which was added by the 1983 amendment to the Act.

In 1979, prior to the addition of § 231m(b)(2), the United States Supreme Court in *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), examined § 231m and held the Act preempted the field of railroad retirement benefits and that such benefits were not subject to division by a state court as property upon divorce. *See Padezanin v. Padezanin*, 341 Pa.Super. 26, 28, 491 A.3d 130, 131 (1985). *Hisquierdo* turned on application of the supremacy clause of the United States Constitution, Art. VI, cl. 2, and whether a court award of railroad retirement benefits in a divorce proceeding does injury to the federal interests Congress intended to protect with the Act. The Act's scheme provides for two "tiers" of benefits which resemble both a private pension program and a social welfare plan. The lower or first tier of benefits are equivalent to those the employee would receive if covered by the Social Security Act, 42 U.S.C. § 401 *et seq.* *See* 45 U.S.C. § 231a(a)(1) and § 231b(a)(1). The upper or second tier of benefits are supplemental annuities which, like a private pension plan, are tied to earnings and career service. *See* 45 U.S.C. § 231a(b) and § 231b(e). Compulsory federal taxes on both the employees and carriers finance the Act's benefits.

4. Prior to the 1983 amendment to the Act § 231m provided as follows:
   **§ 231m. Assignability; exemption from levy**
   Notwithstanding any other law of the United States, or of any State, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated: Provided, however, That the provisions of this section shall not operate to exclude the amount of any supplemental annuity paid to an individual under section 2(b) of this Act [45 U.S.C. § 231a(b)] from income taxable pursuant to the Federal income tax provisions of the Internal Revenue Code of 1954 [26 U.S.C. § 1 *et seq.*].
   Act of Aug. 29, 1935, ch. 812, § 14, as amended Oct. 16, 1974, P.L. 93–445, Title I, § 101, 88 Stat. 1345.

In concluding that § 231m prohibited divorce proceedings under state law from depriving railroad workers of even a portion of their benefits, the Supreme Court in *Hisquierdo* looked to the objectives of the federal program and the role § 231m plays in preserving the statutory scheme. The Act's objective is to encourage older workers to retire by providing them a sound pension system and, with such retirements, promote advancement and create jobs in the industry for younger workers. *Id.* 439 U.S. at 573, 99 S.Ct. at 804, 59 L.Ed.2d at 6. Section 231m, as an anti-attachment provision, acts as a shield ensuring that the benefits actually reach the beneficiary when old-age or disability ensues and helps encourage employees to retire. *Id.* at 585, 99 S.Ct. at 810, 59 L.Ed.2d at 13. Additionally, because Congress has reserved the right to alter or eliminate benefits, *id.* at 575, n. 6, 99 S.Ct. at 805, n. 6, 59 L.Ed.2d at 7, n. 6, property settlements based on mere expectations would tend to frustrate the congressional purpose behind the Act. *Id.* at 589, 99 S.Ct. at 812, 59 L.Ed.2d at 16. Section 231m's language that payments are not to be "anticipated" allows Congress the freedom to make future amendments to the Act without harming recipients and without impairing its regulatory role of the industry. *Id.*

Interpretation of the 1983 amendment to § 231m is a case of first impression in Pennsylvania. Although, we referred to the amendment in *Padezanin, supra,* we merely instructed the trial court on remand to consider its effect without further comment.

■ With § 231m(b)(2) Congress has opened, in a limited way, the anti-attachment prohibition § 231m was found to have in *Hisquierdo.* Subsection (b)(2) expressly permits characterization of certain components of the benefits as "community property ... or property subject to, distribution in accordance with a court decree of divorce ... or the terms of any court-approved property settlement incident to any such court decree." 45 U.S.C. § 231m(b)(2); *see Belt v. Belt,* 398 N.W.2d 737, 739 (N.D.1987); *Kamel v. Kamel,* 721 S.W.2d 450, 453 (Tex.App.—Tyler 1986). However,

§ 231m(b)(2) specifically excludes components "computed under section 3(a), 4(a), or 4(f) of [the] Act [45 U.S.C. §§ 231b(a), 231c(a) or (f)]." 45 U.S.C. § 231m(b)(2).[5] Appellant's brief fails to discuss this exclusionary clause and gives no argument on its application to the present case. After examining the record and the Act, we agree with the trial court that § 231m(b)(2) does not apply because of the exclusionary clause.

The first excluded section of the Act is 45 U.S.C. § 231b(a), which provides for the method of computation of annuities under 45 U.S.C. § 231a(a)(1). Section 231a(a)(1) describes annuity eligibility requirements for first tier benefits. A review of the record discloses that appellee's disability benefits fall within § 231a(a)(1)(v), for individuals permanently disabled. Therefore, appellee's benefits are specifically excluded from § 231m(b)(2)'s allowance for division of benefits as property upon divorce and the trial court acted properly in so determining.

In March, 1987, the Railroad Retirement Board established regulations under 20 C.F.R. § 295.1 *et seq.*, setting forth a procedure by which the Board would recognize and honor a court Decree or property settlement involving benefits subject to distribution under 45 U.S.C. § 231m(b)(2). In its regulations the Board specifically enumerates those benefits subject to 45 U.S.C. § 231m(b)(2)'s characterization as property subject to distribution upon divorce as follows:

(b) *Benefits subject to this part.* Only the following benefits or portions of benefits under the Railroad Retirement Act are subject to this part:

(1) Employee annuity net tier II benefit component as provided under section 3(b) [45 U.S.C. § 231b(b)] of the Railroad Retirement Act;

(2) Employee annuity vested dual benefit component as provided under section 3(h) [45 U.S.C. § 231b(h)] of the Act;

---

**5.** We will refer to the various sections of the Act by their citations as found in the United States Code.

(3) Employee annuity net proportionate share of the annuity increases as provided under section 3(f) [45 U.S.C. § 231b(f)] of the Act; and

(4) Supplemental annuities as provided under section 2(b) [45 U.S.C. § 231a(b)) of the Act.

20 C.F.R. § 295.1(b). Although appellee's benefits do not fall within the enumerated benefits, we feel the Board's listing should prove helpful in determining future awards.

We now turn to appellant's second claim on appeal. Without citation to case law, appellant claims that in awarding her alimony the trial court failed to consider the possible adverse effects 45 U.S.C. § 231c(i), dealing with reduction in survivor's annuities, may have on appellant's future income. We disagree.

In reviewing an award of alimony, we must apply an abuse of discretion standard. *Morschhauser v. Morschhauser*, 357 Pa.Super. 339, 516 A.2d 10 (1986); *Pangallo v. Pangallo*, 329 Pa.Super. 25, 477 A.2d 885 (1984); *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983). In arriving at its alimony award the trial court gave the following reasons:

In the case sub judice, as noted previously, both parties have fixed incomes deriving from monthly disability payments. The Plaintiff receives $8,640.00 annually from his Railroad Retirement Pension. The Defendant presently claims income of $4,524.00 per year from Social Security and spousal support payments. The record notes, however, that the Defendant qualifies to receive a spousal annuity under the Railroad Retirement Act upon proper application for such. A qualified divorced spouse under the Railroad Retirement Act shall receive a monthly annuity based on, inter alia, a percentage of the railroad employee's monthly annuity. (See: 45 U.S.C.A. § 231c). Therefore, upon consideration the factors contained in Sections 501(a) and (b) of the Pennsylvania Divorce Code [23 P.S. § 501(a) and (b)] particularly noting the relative earnings and earning capacities, ages, physical conditions and sources of income of both parties, the Court shall

award alimony to the Defendant in the amount of $100.00 per month for an indefinite period of time.

(Slip Op., Walsh, P.J., 8/3/87, p. 7). Contrary to appellant's argument, the trial court did fix the actual income and earning capacities of both parties, who are both disabled. While the court did consider the possibility that appellant would be eligible for railroad retirement benefits in her own right, we do not believe this unduly overshadowed the trial court's consideration of the fourteen factors listed in 23 P.S. § 501(b). The annual dollar earnings by each party are relatively close and this coupled with appellant sharing a house she jointly owns with the parties' adult daughter leads us to find no abuse of discretion. The fact that 45 U.S.C. § 231c(i) may call for some reduction in appellant's Social Security benefits to offset the annuity she may receive under the Act should not be reason to find an abuse of discretion when the offset is likely to keep appellant in the same economic position. Therefore, we find no abuse of discretion in the alimony award.

Order affirmed.