1997 ND 209

**Magdalena CHRISTMANN, Plaintiff and Appellee,**

v.

**Samuel W. CHRISTMANN, Defendant and Appellant.**

**Civil No. 970081.**

Supreme Court of North Dakota.

Nov. 6, 1997.

Anne E. Summers, of Dyer & Summers, Bismarck, for plaintiff and appellee.

Daniel J. Chapman, of Chapman and Chapman, Bismarck, for defendant and appellant.

NEUMANN, Justice.

[¶ 1] Samuel W. Christmann appealed from a divorce judgment, claiming the court erred in dividing the marital estate. We hold the trial court's division of marital property is not clearly erroneous, and we affirm.

[¶ 2] Samuel and Magdalena Christmann were married in 1947, and for nearly fifty years farmed near Steele, raising five children, who are now all adults. Magdalena's primary role in the marriage was to care for the children, do the household and garden work, and also help with outside chores and field work. Samuel operated the farm, which included raising some cattle, and maintained almost total control of the finances in the marriage. The trial court described Samuel's farm records as "a total mess." The evidence shows Samuel was abusive to Magdalena, and his near total control of the finances and decision-making in the marriage was an emotional burden for her.

[¶ 3] Magdalena filed for dissolution of the marriage in 1985, but the parties eventually reconciled, executing a property agreement "to settle the financial differences between the parties." The agreement left the farmland in joint tenancy between them, placed some of the savings in separate accounts and certificates of deposit, and established a joint passbook savings account for family expenses. Thereafter, the parties continued the marriage for nearly ten years. Magdalena finally grew weary of the physical and emotional "cruelty" and Samuel's dominion over finances, and she again filed an action for divorce in 1994.

[¶ 4] According to the parties' property and debt listing, their real property had a net value up to $238,000 and their personal property, including financial assets, had an additional value up to $156,470. The parties listed no known debts. After hearing, the trial court awarded both parties a divorce on the basis of irreconcilable differences and ordered the marital estate liquidated and divided equally between them, with minor exceptions. Each party was ordered to retain the automobile presently in use by that party, and Magdalena was awarded specific financial assets worth about $19,374.41 "to balance or makeup for Sam's receiving the

cash rent checks for the past several years." Samuel appealed from the judgment, asserting the trial court erred in dividing the marital property.

[¶ 5] Relying on *Peterson v. Peterson*, 313 N.W.2d 743 (N.D.1981), Samuel claims the trial court should have accepted the 1985 property agreement as a final division of the marital property, instead of dividing the property in the 1996 divorce decree. Samuel's reliance on the *Peterson* case is misplaced. In *Peterson* the parties entered into a separation agreement expressly providing they would be bound by the terms of the agreement in the event of future divorce proceedings. We held that a property settlement which is "intended to adjust finally all the property rights of the parties" cannot ordinarily be later modified by a trial court in a divorce proceeding. *Peterson*, 313 N.W.2d at 745. The *Peterson* facts are clearly distinguishable. The 1985 agreement executed by Magdalena and Samuel was in contemplation of reconciliation, not of divorce. It neither stated that it was a final adjustment of all the parties' property rights nor that the parties would be bound by the agreement in future divorce proceedings. Furthermore, during the nearly ten years of marriage following their execution of the agreement, Samuel and Magdalena commingled assets and largely ignored its provisions. In deciding what effect, if any, to give to the 1985 agreement, the trial court stated, "Suffice it to say that the parties themselves have ignored their 1985 division. This Court should do no less and no more." We conclude the trial court committed no error in ignoring the 1985 agreement for purposes of dividing the marital property.

[¶ 6] Samuel also asserts the trial court did not properly apply the *Ruff–Fischer* guidelines in dividing the marital property and that its property division was clearly erroneous. We summarized our review of a trial court's property division in *Grinaker v. Grinaker*, 553 N.W.2d 204, 207–208 (N.D. 1996):

"The trial court must make an equitable distribution of the marital property, based upon the facts and circumstances of each individual case. NDCC 14–05–24; *Volson*

*v. Volson*, 542 N.W.2d 754, 756 (N.D.1996). The court's determinations on valuation and division of property are findings of fact that will only be reversed on appeal if they are clearly erroneous. *Volson*, 542 N.W.2d at 756; *Braun v. Braun*, 532 N.W.2d 367, 370 (N.D.1995). A finding is clearly erroneous only if the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been made. *Buzick v. Buzick*, 542 N.W.2d 756, 758 (N.D.1996). As *Buzick*, 542 N.W.2d at 758, and *Fenske v. Fenske*, 542 N.W.2d 98, 102 (N.D.1996), explain, the trial court's findings of fact are presumptively correct, and the complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous."

In reviewing a property division, we start with the view that marital property should be equally divided and, while the division need not be exactly equal to be equitable, the trial court must explain any substantial disparity. *Kluck v. Kluck*, 1997 ND 41, ¶ 25, 561 N.W.2d 263.

[¶ 7] Here, the parties have been married for nearly fifty years and together have operated a farm and raised five children. Generally, a long-term marriage supports an equal property distribution. *Linrud v. Linrud*, 552 N.W.2d 342, 346 (N.D. 1996). The trial court ordered the property liquidated and divided equally between the parties, except for specified financial assets totaling about $20,000, which the court awarded to Magdalena. The court explained that amount was to compensate Magdalena for Samuel receiving about $18,000 per year in farm rent for several years after they separated, for which he had made no accounting to Magdalena. Having reviewed the record and circumstances of this case, we are not convinced the trial court made a mistake. Samuel has failed to meet his burden of establishing in what particular respect the property division is clearly erroneous or what relevant factors under the *Ruff–Fischer* guidelines, allegedly ignored by the trial court, would have justified a greater property award for Samuel.

[¶ 8] Samuel also asserts the trial court erred in failing to take into consideration a $20,000 lump sum awarded to Magdalena in an interim order, dated September 28, 1994. The court, a different judge sitting, awarded the interim payment, specifically stating it was "for rehabilitative support" and would be "taken into consideration ... in the final division of the marital estate."

[¶ 9] In making the final property division, the trial court specifically referenced the interim order in its memorandum opinion:

"[T]he Court does not include Judge Albrecht's prior order as a property division. This Court views the Interim Order award as a form of subsistence."

We find no error in the district court's treatment of the interim order.

[¶ 10] During oral argument Samuel's attorney did not dispute the statement by Magdalena's attorney that Samuel believes the entire marital estate, especially the farmland, is his property which he should not have to liquidate or share with Magdalena. All of the real and personal property of married parties is included in the marital estate to be divided by the trial court. *van Oosting v. van Oosting*, 521 N.W.2d 93, 96 (N.D.1994). The trial court's order to liquidate and divide the proceeds equally between these parties was proper. Discontinuing shared ownership of business assets can have a positive effect of reducing conflict between divorced persons. *See Linrud v. Linrud*, 552 N.W.2d at 346. The trial court's decree awards Magdalena one-half of the liquidated marital property. She is entitled to no less.

[¶ 11] Although Magdalena has a legally enforceable right to the property awarded under the trial court's decree, nothing in the judgment precludes her from agreeing to let Samuel retain the farmstead, in lieu of its liquidation, with additional fair compensation to her. It is in both Samuel's and Magdalena's best interests that this litigation end, the property be distributed according to the trial court's decree, and the parties get on with their lives.

[¶ 12] The judgment of the district court is affirmed.

[¶ 13] VANDEWALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.