Filed 5/19/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 93

Diane E. Schoenwald, Plaintiff and Appellant

v.

Eugene Robert Schoenwald, Defendant and Appellee

No. 980253

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Wallace D. Berning, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Faron E. Terry, P.O. Box 717, Minot, N.D. 58702-0717, for plaintiff and appellant.

Donald L. Peterson, Kenner Sturdevant Peterson & Cresap, P.C., P.O. Box 970, Minot, N.D. 58702-0970, for defendant and appellee.

Schoenwald v. Schoenwald

No. 980253

Sandstrom, Justice.

[¶1] Diane Schoenwald appeals from the judgment of the district court awarding her spousal support and dividing property.  Because the district court’s spousal support award and property division are not clearly erroneous, we affirm.

 

I

[¶2] Diane and Eugene Schoenwald were married in 1969 and have no minor children.  In June 1997, Diane Schoenwald filed for divorce.  During their marriage, the couple owned a farmstead, livestock, machinery, and other real estate, much of which was encumbered.  At the time of the divorce, they were heavily in debt, and much of the property was in need of repair.  There was little agreement between them about disposition of the property.

[¶3] During the marriage, Eugene Schoenwald worked for the Burlington Northern Sante Fe Railroad.  At the time of the divorce, he testified he was netting between $1400 and $1500 per month, after certain expenses and loans were paid from his check.  The couple also farmed, but not profitably, having lost an average of $19,000 a year from 1993 to 1996.  Diane Schoenwald has an eighth grade education and had not earned any significant income in the four years preceding the divorce.  She has done some babysitting and farming.

[¶4] As part of the divorce decree, the district court awarded Diane Schoenwald $700 per month in spousal support until Eugene Schoenwald retires from Burlington Northern Sante Fe.  She is also to receive $500 a month upon his retirement, for as long as she is eligible under the Railroad Retirement Act.  The court disposed of the personal property of the parties by ordering Eugene Schoenwald to pay Diane Schoenwald for the value of half of their personal property, ordering the sale of their real property and a split of the proceeds, and allowing the parties to keep certain property.

[¶5] Diane Schoenwald appeals from the judgment of the Northwest Judicial District Court.  The district court had jurisdiction under N.D.C.C. § 27-05-06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-27-01.

 

II

[¶6] Diane Schoenwald contests both the amount of spousal support she is to receive from Eugene Schoenwald and the district court’s division of property.  “[P]roperty division and spousal support are interrelated, and often must be considered together.”  
Lohstreter v. Lohstreter
, 1998 ND 7, ¶ 16, 574 N.W.2d 790.

 

A

[¶7] In 
Hogue v. Hogue
, we restated the standard of review for spousal support:

Determinations of spousal support are findings of fact, and the trial court’s determination will not be set aside unless it is clearly erroneous.  
Orgaard v. Orgaard
, 1997 ND 34, ¶ 5, 559 N.W.2d 546.  A finding is clearly erroneous only if it is induced by an erroneous view of the law, if there is no evidence to support a finding, or if, although there is some evidence to support it, on the entire evidence, we are left with a firm conviction a mistake has been made.  
Van Klootwyk v. Van Klootwyk
, 1997 ND 88, ¶ 13, 563 N.W.2d 377.

When making a spousal support determination, the trial court must consider the relevant factors under the Ruff-Fisher [sic] guidelines.  
Lohstreter v. Lohstreter
, 1998 ND 7, ¶ 25, 574 N.W.2d 790.  Considered under the Ruff-Fisher [sic] guidelines are:  “‘the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.’”  
Van Klootwyk
, 1997 ND 88, ¶ 14, 563 N.W.2d 377 (quoting 
Weir v. Weir
, 374 N.W.2d 858, 862 (N.D. 1985)).

 

1998 ND 26, ¶¶ 24-25, 574 N.W.2d 579.  Although the district court is not required to make specific findings, it must provide a rationale for its decision.  
Id.
 at ¶ 25.

[¶8] The district court awarded Diane Schoenwald $700 a month spousal support until Eugene Schoenwald retires.  In deciding spousal support, the district court “considered the so-called Ruff-Fischer guidelines and [found] that [Diane Schoenwald] is disadvantaged” and also found “[Eugene Schoenwald’s] earning ability, health and physical condition, and conduct during the marriage favor an order of spousal support in favor of [Diane Schoenwald].”

[¶9] In deciding spousal support, the district court must consider the needs of the disadvantaged spouse and the supporting spouse’s needs and ability to pay.  
Mahoney v. Mahoney
, 1997 ND 149, ¶ 28, 567 N.W.2d 206 (citing 
Heley v. Heley
, 506 N.W.2d 715, 720 (N.D. 1993)).

[¶10] Because the support is to end when Eugene Schoenwald retires, the award is not permanent, but temporary.  Although the district court’s findings of fact and conclusions of law regarding spousal support are short and without much explanation, the court’s decision focused on the 
Ruff-Fischer
 guidelines and Diane Schoenwald being disadvantaged.

[¶11] There is evidence to support the finding Diane Schoenwald was disadvantaged by the marriage.  Trial testimony established she had not worked outside the home in quite some time and had primarily cared for the couple’s farm and family.  During the course of the marriage, Eugene Schoenwald was the primary wage-earner, with most of his earnings coming from his employment with Burlington Northern Sante Fe Railroad.  He testified his take-home pay was between $1400 and $1500 per month.  In considering these facts, the district court awarded Diane Schoenwald $700 per month until Eugene Schoenwald retires.

[¶12] Diane Schoenwald argues the amount is too low, considering Eugene Schoenwald’s income.  We do not substitute our judgment for that of the district court, and we reverse only if the award is clearly erroneous.  
Peterson Mechanical, Inc. v. Nereson
, 466 N.W.2d 568, 571 (N.D. 1991).  The support award was roughly half of Eugene Schoenwald’s take-home pay.  Considering his pending retirement and Diane Schoenwald’s entitlement to part of his retirement annuity under the Railroad Retirement Act, we conclude the award of $700 temporary spousal support is not clearly erroneous.

 

B

[¶13] The district court awarded Diane Schoenwald $500 per month upon Eugene Schoenwald’s retirement.  Although Diane Schoenwald has not challenged the award of $500, the issue was discussed at oral argument.  The funds from which $500 was awarded are considered property.  
See
 
Belt v. Belt
, 398 N.W.2d 737, 739 (N.D. 1987) (Tier II benefits are divisible property.).

[¶14] The district court found:

That upon [Eugene Schoenwald’s] retirement from the Burlington Northern Sante Fee [sic] Railroad, Plaintiff Diane Schoenwald, is awarded and the Railroad Retirement Board is directed to pay an interest in the portion of Defendant Eugene R. Schoenwald’s benefits under the Railroad Retirement Act (45 U.S.C. §231, 
et
 
seq
.) which may be divided as provided by section 14 of the Railroad Retirement Act (45 U.S.C. §231m).  Plaintiff Diane E. Schoenwald’s share shall be computed as an amount equal to $500.00 of [Eugene Schoenwald’s] monthly divisible benefits for as long as she shall be eligible under said Railroad Retirement Act.

 

[¶15] Because Eugene Schoenwald is a railroad employee, he is covered by federal statute.  The Railroad Retirement Act provides a system of retirement and disability benefits to railroad industry employees and their families.  45 U.S.C. § 231 
et seq
.  The Act’s scheme provides for two “tiers” of benefits resembling both a private pension program and a social welfare plan.  Tier I benefits are equivalent to those an employee would receive if covered by the Social Security Act, 42 U.S.C. § 401 
et seq
. Tier II benefits are supplemental annuities that, like a private pension plan, are tied to earnings and career service.  
See
 45 U.S.C. § 231a(b) and § 231b(e).

[¶16] Tier I benefits are based upon a railroad employee’s employment both within and outside of the railroad industry.  
See
 45 U.S.C. § 231b(a).  This basic component is designed to provide benefits equivalent to the old age insurance benefit or disability insurance benefit that would have been received under the Social Security Act.  
See
 
Belt
, 398 N.W.2d at 738 (citing 
Hisquierdo v. Hisquierdo
, 439 U.S. 572, 574-75 (1979)); 
see also
 
Olson v. Olson
, 445 N.W.2d 1, 6-7 (N.D. 1989).  The statute provides that “no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated.”  45 U.S.C. § 231m.

[¶17] In 
Hisquierdo
, 439 U.S. 572, the United States Supreme Court considered whether an award of railroad retirement benefits to a spouse, when dividing marital assets upon divorce, was prohibited by federal law.  The United States Supreme Court held that pension benefits earned under the Railroad Retirement Act could not be treated as marital property and divided by a state court when a railroad employee divorced.  
See
 
Belt
, 398 N.W.2d at 738 (discussing the 
Hisquierdo
 decision).  The United States Supreme Court held section 231m prohibited the division of benefits payable under the Railroad Retirement Act as “property” upon divorce.  
Hisquierdo
, at 589.

[¶18] Following 
Hisquierdo
, Congress amended section 231m of 45 U.S.C.  The amendment expressly permits supplemental annuity, or Tier II benefits, to be distributed upon divorce.  Tier II benefits are based only upon a railroad employee’s employment in the railroad industry.  
Belt
, 398 N.W.2d at 738.  These benefits are comparable to pension benefits paid over and above Social Security to workers in other industries.  
Id.
  “The amendment expressly permits characterization of Tier II benefits as ‘community property’ subject to distribution upon divorce.”  
Id.
 at 739 (citing 45 U.S.C. § 231m(b)(2)).  Significantly, however, Congress did not change the law regarding Tier I benefits.  The law remains unchanged, and the Supreme Court’s decision in 
Hisquierdo
 that Tier I benefits may not be treated as marital property subject to division remains law.

[¶19] In 
Belt
, 398 N.W.2d at 739, this Court upheld an award of two-thirds of the Tier II benefits to the nonrailroad-employee spouse.  In this case, Eugene Schoenwald’s divisible-annuity, Tier II benefits total approximately $709.  The $500 awarded to Diane Schoenwald is more than two-thirds of $709.  Neither party complains.  The district court’s award of $500 per month as part of the property settlement is not erroneous.

 

III

[¶20] Diane Schoenwald argues the district court erred in dividing the couple’s property.  Our standard of review for property division is similar to the standard for spousal support:  “‘The trial court must make an equitable distribution of the marital property, based upon the facts and circumstances of each individual case.  The court’s determinations on valuation and division of property are findings of fact that will only be reversed on appeal if they are clearly erroneous.’”  
Wilhelm v. Wilhelm
, 1998 ND 140, ¶ 11, 582 N.W.2d 6 (quoting 
Lohstreter
, 1998 ND 7, ¶ 16, 574 N.W.2d 790) (citations omitted); 
see also
 N.D.C.C. § 14-05-24.

[¶21] In dividing the property of the parties, the district court awarded almost all of the parties’ personal property to Eugene Schoenwald and ordered him to pay Diane Schoenwald $15,381—half the value of the property.  The court also ordered the real estate of the parties, including all rural property and a house in Minot, be appraised by a qualified professional appraiser of Eugene Schoenwald’s choice and then sold for no less than 80 percent of the appraised value.  After paying the costs, any and all money is to be applied against any debts of the parties, and the balance is to be split with Diane Schoenwald.  Eugene Schoenwald was also directed to sell all the livestock and a boat and trailer and split the proceeds with Diane Schoenwald.  The district court allowed each party to keep certain property.

[¶22] Diane Schoenwald argues the property division was clearly erroneous because she wants the farm.  Because she wants to keep the farm, she argues the court should not be allowed to order it sold and the proceeds divided.  This case is distinguishable, however, from cases such as 
Gibbon v. Gibbon
, 1997 ND 210, ¶ 7, 569 N.W.2d 707, where this Court recognized the importance of preserving an economically viable business operation like a family farm.  
See
 
Linrud v. Linrud
, 552 N.W.2d 342 (N.D. 1996); 
Heley v. Heley
, 506 N.W.2d 715 (N.D. 1993); 
Pankow v. Pankow
, 371 N.W.2d 153 (N.D. 1985); 
Graves v. Graves
, 340 N.W.2d 903 (N.D. 1983); 
Urlaub v. Urlaub
, 325 N.W.2d 234 (N.D. 1982); 
Williams v. Williams
, 302 N.W.2d 754 (N.D. 1981).

[¶23] In property division cases, we generally start with the view that marital property should be equally divided, and although the division need not be exactly equal to be equitable, the trial court must explain any substantial disparity.  
Christmann v. Christmann
, 1997 ND 209, ¶ 6, 570 N.W.2d 221 (citing 
Kluck v. Kluck
, 1997 ND 41, ¶ 25, 561 N.W.2d 263).  In 
Christmann
, at ¶ 7 (citing 
Linrud v. Linrud
, 552 N.W.2d 342, 346 (N.D. 1996)), we recognized that long-term marriages support an equal distribution of property and upheld the trial court’s order the property be liquidated and divided equally between the parties.  We do the same here.

[¶24] There is no disparity in the amount awarded each party, and we cannot conclude this equal division of the couple’s property was clearly erroneous.

IV

[¶25] Diane Schoenwald’s other arguments are without merit, and the judgment of the district court is affirmed.

[¶26] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.