1997 ND 34

**Bernice ORGAARD, Plaintiff and Appellee,**

v.

**Howard L. ORGAARD, Defendant and Appellant.**

**Civil No. 960274.**

Supreme Court of North Dakota.

Feb. 27, 1997.

Jos. A. Vogel, Jr., Mandan, for defendant and appellant.

Rauleigh D. Robinson, Bismarck, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Howard Orgaard appeals from the district court's order awarding Bernice Orgaard $2,000 monthly spousal support for nine years, and $1,000 per month thereafter until Bernice remarries or dies. We affirm.

[¶ 2] Howard and Bernice Orgaard were married on September 30, 1983. Bernice was forty-eight years of age, working as a bartender, with an eighth-grade level education. Howard was forty-three years of age, working as a conductor for Burlington Northern Railroad. Each party had been married previously. No children were born during this marriage, however, Bernice had children from her previous marriage. After their marriage, Howard did not allow Bernice to work.

[¶ 3] In July 1994, Bernice initiated divorce proceedings. A trial was held on April 15, 1996. At trial, Bernice, and two of her daughters, testified that Howard abused alcohol, physically abused Bernice, and verbally abused Bernice and her children, including threatening to kill Bernice during the last few years of their marriage. Additionally, Bernice submitted the deposition of her chiropractor, David German, supporting her contention that Howard kicked her in the back early in their marriage, disabling her and resulting in chronic lower back pain.

[¶ 4] On August 15, 1996, the district court issued its opinion and order finding Bernice, at the age of 61, suffers from cataracts, high cholesterol, and rheumatoid arthritis, with no realistic educational or vocational opportunities. The court further found that Howard physically and verbally abused Bernice during the marriage. On August 29, 1996, the district court issued its judgment awarding Bernice spousal support of $2,000 per month for nine years, and $1,000 per month thereafter until Bernice remarries or dies. Howard appeals the spousal support award.

[¶ 5] A trial court's determination on spousal support is a finding of fact that will not be set aside unless clearly erroneous. *Fleck v. Fleck,* 427 N.W.2d 355, 357 (N.D. 1988). "Under this standard, we reverse only if there is no evidence to support a finding or if, upon a review of the entire evidence, we are left with a definite and firm conviction the trial court has made a mistake." *Fenske v. Fenske,* 542 N.W.2d 98, 102 (N.D.1996).

[¶ 6] Howard argues the district court's spousal support award is clearly erroneous because it requires him to pay to Bernice over half of his monthly income. Howard contends his 1995 net annual income was $42,015, or $3,501.25 per month. He arrives at his net income by taking his gross income of $61,856, and deducting $10,782 in federal income tax, $1,510 in state income tax, $640 in union dues, $6,013 in retirement benefits, and $896 in Medicare. Under those calculations, Howard argues that after he pays Bernice $2,000 per month in spousal support, he will only be left with $1,501.25 per month, almost five hundred dollars less than what Bernice receives. We disagree with Howard's calculations.

[¶ 7] Howard's assertion that he receives almost five hundred dollars less per month than Bernice is based on two errors. First, Howard misrepresents his net income because he deducts $10,782 in federal income tax and $1,510 in state income tax from his gross income. Although these were the amounts that were withheld from his salary, he received a refund of $3,273 in federal income tax and $458 in state income tax. Accordingly, Howard's net income after taxes is actually $45,746 per year or $3,812.17 per month, over three hundred dollars more per month than the amount he contended.

[¶ 8] Second, Howard fails to consider the tax consequences in spousal support. Ac-

cording to the Internal Revenue Code, the party receiving spousal support must claim the support as taxable income, and the party who pays spousal support is allowed to deduct the amount paid before determining their taxable income. I.R.C. § 71, § 215. Here, Howard attempts to illustrate a disparity between the parties' income by comparing his monthly net income after deducting taxes, to Bernice's monthly spousal support before deducting taxes. When we consider Bernice's tax consequences from her spousal support, we do not find a disparity in the amount allocated.

[¶ 9] Howard also argues the spousal support is excessive because the marriage only lasted eleven years, and Bernice was not disadvantaged by it. Again, we disagree.

[¶ 10] In deciding spousal support, the trial court must consider the *Ruff–Fischer* guidelines. Under those guidelines, the trial court reviews:

> "[T]he respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material." *Lill v. Lill*, 520 N.W.2d 855, 856 (N.D.1994).

[¶ 11] While the duration of marriage is a factor in determining whether spousal support should be awarded, spousal support may be appropriate regardless of the length of the marriage. *Fenske*, 542 N.W.2d at 103 (stating "spousal support is sometimes ap-

propriate even when the marriage was short"). Here, the trial court acknowledged the marriage was "relatively short-lived," but further reasoned that due to Bernice's health and lack of education, she has "literally no earning capacity." Contrary to Howard's argument that Bernice was not disadvantaged by the marriage, the trial court concluded Bernice was financially disadvantaged by the marriage because Howard did not allow her to work. Furthermore, the trial court found evidence of physical and emotional abuse by Howard. Although the trial court did not determine if the abuse contributed to Bernice's health problems limiting her employability, it is clear the trial court recognized the great disparity in earning capacity between the parties.

[¶ 12] In awarding spousal support, the trial court should consider the needs of the disadvantaged spouse and the supporting spouse's ability to pay. *Gronland v. Gronland*, 527 N.W.2d 250, 253 (N.D.1995). Bernice's monthly expenses amount to more than $2,000.[1] A monthly award of $2,000 in spousal support does not exceed Bernice's expenses and is well within Howard's ability to pay. Upon review of the entire evidence, and after considering Bernice's limited potential for future employment, we affirm the trial court's award of spousal support.

[¶ 13] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

---

1. Bernice originally only claimed her expenses were approximately $1,800 per month. However, this amount did not include health insurance, as she had originally asked the court to continue her health coverage under Howard's insurance plan.