Filed 11/6/97 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1997 ND 210

Nancy Gibbon,   Plaintiff and Appellee

 v. \

Roger Gibbon,  Defendant and Appellant

Civil No. 970035

 Appeal from the District Court for Sargent County, Southeast Judicial District, the Honorable Ronald E. Goodman, Judge.

 AFFIRMED.

 Opinion of the Court by VandeWalle, Chief Justice.

 Samuel S. Johnson, Wahpeton, for plaintiff and appellee.

 John D. Bullis (argued), and Tracy R. Lindberg (on brief), of Lies, Bullis & Lindberg, Wahpeton, for defendant and appellant.

Gibbon v. Gibbon

Civil No. 970035

 VandeWalle, Chief Justice.

[&P&1]  Roger Gibbon appealed from an amended divorce decree dissolving his marriage with Nancy Gibbon and dividing the parties’ marital estate.  The trial court declined to order liquidation of their assets.  We hold the trial court did not clearly err in structuring the division of the parties’ marital estate, and we reject Roger’s request for this court to order liquidation of the parties’ assets.  We affirm.

[&P&2]  Roger and Nancy were married in 1977.  During their marriage, they engaged in a farming and ranching operation that was part of a joint venture with members of Roger’s family.  The trial court initially valued the parties’ net worth at $821,447.96 and awarded each party marital property valued at $410,723.98.  The court’s initial decree allowed Roger to retain the farming and ranching operation, and awarded Nancy three tracts of real estate cumulatively valued at $106,000, personal property valued at $47,525, spousal support of $500 per month for two years, and a $257,198 cash settlement.  After crediting Roger for $30,000 already paid to Nancy, the court structured the cash settlement to require him to pay Nancy $13,000 by November 1, 1996, $75,000 by April 1, 1997, and $139,198 at six percent interest payable over 15 years with monthly payments starting July 1, 1997.

[&P&3]  Roger moved to amend the judgment, contending he could not operate the farming and ranching operation and satisfy the cash payments required by the decree.  Roger asked the court to reconsider the property distribution, or to liquidate the marital estate and equally distribute the proceeds to each party.

[&P&4]  After correcting a mistake in valuation that increased the parties’ net worth to $896,447.96, the court amended the judgment to award Nancy $440,525.00 and Roger $455,922.96 in marital property.  The court’s amended decree changed the award of spousal support to Nancy to a property distribution and also increased the total cash settlement to $281,000.  The court structured the cash settlement to include a $56,000 award that Roger already had paid; a $75,000 award at 6 percent interest with $32,500
(footnote: 1) due April 1, 1997, and $37,500 due April 1, 1998; and a $150,000 award at 6 percent interest, payable over 20 years with monthly payments beginning July 1, 1997.  The court refused to order liquidation of the parties’ assets.

[&P&5]  Roger contends the trial court erred in dividing the parties’ marital estate and imposing a payment structure that destroyed the viability of the farming and ranching operation.  He argues the trial court erred in refusing to order liquidation of the parties’ marital estate and an equal distribution of the proceeds.  He claims the increased debt load associated with the cash payments to Nancy precludes him from financing the obligations imposed by the amended judgment.  He contends the amended judgment leaves him no choice but to liquidate assets awarded to him and to alone suffer the adverse tax consequences of the liquidation.  He asks us to direct “the orderly liquidation of the parties’ marital estate, and, after crediting [him] for the amounts he has already paid Nancy . . . for property settlement, an equal division of the remaining proceeds.”

[&P&6]  When a divorce is granted, N.D.C.C. &S& 14-05-24 requires a trial court to “make such equitable distribution of the real and personal property of the parties as may seem just and proper.”  In dividing the property, the trial court must consider relevant factors under the
Ruff-Fischer
guidelines.  
van Oosting v. van Oosting
, 521 N.W.2d 93 (N.D. 1994).  
See

Ruff v. Ruff
, 78 N.D. 775, 52 N.W.2d 107 (1952);
Fischer v. Fischer
, 139 N.W.2d 845 (N.D. 1966).  There is no set formula for dividing a marital estate; rather, the trial court must equitably divide the property based upon the circumstances of the particular case.  
van Oosting
.  An equitable distribution is not necessarily an equal distribution.  
van Oosting
.  A trial court’s determination on matters of marital property division are treated as findings of fact and will not be set aside on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a).  
Halvorson v. Halvorson
, 482 N.W.2d 869 (N.D. 1992).  A finding of fact is clearly erroneous if it is not supported by any evidence, if, although there is some evidence supporting the finding, the reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding is induced by an erroneous conception of the law.  
Longtine v. Yeado
, 1997 ND 166, 567 N.W.2d 819.

[&P&7]  In divorce proceedings, we have recognized the importance of preserving the viability of a business operation like a family farm, and the potential for economic hardship if those type of entities are divided.  
See

Linrud v. Linrud
, 552 N.W.2d 342 (N.D. 1996);
Heley v. Heley
, 506 N.W.2d 715 (N.D. 1993);
Pankow v. Pankow
, 371 N.W.2d 153 (N.D. 1985);
Graves v. Graves
, 340 N.W.2d 903 (N.D. 1983);
Urlaub v. Urlaub
, 325 N.W.2d 234 (N.D. 1982);
Williams v. Williams
, 302 N.W.2d 754 (N.D. 1981).  We have upheld the distribution of farm assets to one spouse with an offsetting monetary award to the other spouse.  
Heley
.  
See

also

Linn v. Linn
, 370 N.W.2d 536 (N.D. 1985).  That type of distribution generally allows successful operation of the farming enterprise as an economic unit without working a disadvantage to either spouse and avoids the conflict likely to arise if the divorced spouses continue to share ownership of the farm.  
Heley
;
Linrud
.  Our decisions effectively recognize liquidation of an ongoing farming operation or business is ordinarily a last resort, and as shown by the cases cited above, on appeal we generally have not been asked by the party awarded the farming operation to liquidate it instead of structuring a monetary award so the enterprise can continue as a viable business.

[&P&8]  The evidence in this record supports the trial court’s decision to structure the property division with an offsetting monetary award to Nancy.  Although Roger presented evidence he could not obtain financing for the cash settlement, there was also evidence that financial statements used by Roger in an attempt to secure financing did not reflect the actual financial picture for the farming and ranching operation.  The evidence supports conflicting inferences about the viability of the structure of the cash settlement chosen by the trial court.  The trial court was in the best position to assess the evidence, and in refusing to order liquidation, the court explained:

“In view of the assets of these parties and in view of the way the Court has structured the distribution of the assets to [Nancy], the Court does not feel it is necessary for [Roger] to liquidate his operation.  It is apparent to this Court that both of the parties will do virtually anything to make life miserable for the other party even if they have to hurt themselves in the process. It is apparent to the Court that the threat of liquidation falls in that category.”

[&P&9]  The trial court could have structured the payments in several different ways; however, the possibility of implementing a different method for the distribution is not enough to convince us the method used by the trial court is clearly erroneous.  
See

Olson v. Olson
, 445 N.W.2d 1 (N.D. 1989) [possibility of different permissible divisions of marital property is not enough to establish error].  Roger has postured this case as requiring liquidation, but the evidence does not, as a matter of law, dictate a liquidation of the farming and ranching operation.  We decline Roger’s request for this court to effectively retry the case and order liquidation of the parties’ assets.

[&P&10]  The trial court’s decision is supported by the evidence, and we are not left with a definite and firm conviction the trial court made a mistake in distributing the parties’ marital estate or structuring the payments for that distribution.  The trial court’s property division and method of payment, therefore, are not clearly erroneous.

[&P&11]  We affirm the amended judgment.

[&P&12]
Gerald W. VandeWalle, C.J.

Herbert L. Meschke

Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

FOOTNOTES
1:    
On appeal, neither party has questioned the accuracy of the amount of the April 1, 1997 payment.