1998 ND 176

**Terrence E. NELSON, Plaintiff, Appellee and Cross–Appellant,**

v.

**Joyce A. NELSON, Defendant, Appellant and Cross–Appellee.**

**Civil No. 980045.**

Supreme Court of North Dakota.

Sept. 29, 1998.

528

Irvin B. Nodland, P.C., Bismarck, for plaintiff, appellee and cross-appellant.

Kent M. Morrow (argued), of Severin, Ringsak & Morrow, Bismarck, for defendant, appellant and cross-appellee.

NEUMANN, Justice.

[¶ 1] Joyce Nelson appealed from a judgment granting her and Terrence Nelson a divorce, dividing the marital property, and awarding her spousal support. Terrence Nelson filed a cross-appeal. We reverse and remand for a redetermination of the property division and award of spousal support.

[¶ 2] The parties were married in 1967. Terrence Nelson, age 53, has a high school education and one year of college. At the time of trial, he was living in Washburn and working as a maintenance mechanic, earning between $50,000 and $60,000 per year. Joyce Nelson, age 51, has a high school education. Over the years, she has been primarily a homemaker and caretaker of the parties' four children, who all are now adults. She resides in Bismarck and works as a motel housekeeper, earning about $10,000 per year.

[¶ 3] The parties were divorced in 1991. Three months after the divorce, they began living together once again, and remarried in 1993. The parties again separated in May 1995, and Terrence Nelson filed a complaint seeking this divorce in December 1996.

[¶ 4] The 1991 divorce decree divided the parties' marital property and awarded Joyce Nelson spousal support of $300 per month for 168 months. She was awarded one-half of the balance in Terrence Nelson's retirement accounts, with her share totaling about $14,000. Because the parties resumed living together about three months after the 1991 divorce, Joyce Nelson received only three spousal support payments, and she did not receive her share of the retirement accounts.

[¶ 5] The trial court decided the short length of this second marriage was a primary factor in dividing the marital property. The court found the only significant accumulation of assets by these parties after the first divorce was the acquisition of a 1987 Cadillac and a substantial increase in the value of Terrence Nelson's retirement accounts. However, the court found "Joyce in no way contributed to the growth in the retirement accounts that came since the divorce" and, consequently, the court did not award her any increase in the value of the retirement accounts occurring after the 1991 divorce. The court awarded each party the property distributed to him or her in the 1991 divorce decree, including an award to Joyce Nelson of one-half the balance in Terrence Nelson's retirement accounts as of the date of the 1991 divorce. The court awarded her the 1987 Cadillac and permanent spousal support of $500 per month. The court awarded Terrence Nelson all accumulations to his retirement accounts occurring since the first divorce. Joyce Nelson appealed, claiming the property division is inequitable and the spousal support award is inadequate. Terrence Nelson cross-appealed, claiming the spousal support award is excessive.

### Property Division

[¶ 6] Upon granting a divorce, the trial court is required to make such equitable distribution of the real and personal property of the parties as may seem just and proper, under N.D.C.C. § 14–05–24; *Gibbon v. Gibbon*, 1997 ND 210, ¶ 6, 569 N.W.2d 707. There is no set formula for dividing a marital estate, but the trial court must equitably divide the property based upon the circumstances of the particular case. *Id.* The trial court's determinations on matters of property division are treated as findings of fact and will not be set aside on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a), or unless they are induced by an erroneous view of the law. *Theis v. Theis*, 534 N.W.2d 26, 28 (N.D.1995).

[¶ 7] Joyce Nelson complains the trial court's property division is inequitable because the court refused to award her any share of the accumulations of Terrence Nelson's retirement accounts since the 1991 divorce. Pensions and retirement benefits are marital assets subject to equitable distribution by the court. *Steckler v. Steckler*, 519 N.W.2d 23, 26 (N.D.1994); *Zander v. Zander*, 470 N.W.2d 603, 605 (N.D.1991). Even though these parties began living together only three months after their first divorce and eventually remarried, the court conclud-

ed, without further explanation, that Joyce Nelson in no way contributed to the growth in Terrence Nelson's retirement accounts. Yet, the trial court found Joyce Nelson had been a homemaker and primary caregiver for the parties' children over the years. It is well settled a homemaker's contributions deserve equivalent recognition in a property distribution upon dissolution of a marriage. *Young v. Young*, 1998 ND 83, ¶ 15, 578 N.W.2d 111; *Behm v. Behm*, 427 N.W.2d 332, 337 (N.D.1988). When parties live together and then marry it is appropriate for the court to consider all of their time together in dividing the marital property. *Braun v. Braun*, 532 N.W.2d 367, 371 (N.D.1995).

 [¶ 8] Upon this couple's remarriage, all of their property became marital property. Although the second marriage was short when compared to the 24 years they were together in the first marriage, the property of their marital estate remained intact. The court should have considered the totality of their relationship in making an equitable division of the property. Absent further explanation by the trial court, we conclude its finding Joyce Nelson made no contribution to the accumulation of the retirement benefits since the 1991 divorce is without support in the record and is clearly erroneous. Absent contrary factors, unexplained and not obvious in this record, the court must consider the totality of this couple's relationship, spanning nearly 30 years of marriage, and redetermine the property division.

### Spousal Support

[¶ 9] The trial court awarded Joyce Nelson permanent spousal support of $500 per month. Joyce Nelson claims this award is inadequate and Terrence Nelson claims it is excessive. A trial court's spousal support decisions are treated as findings of fact which will not be set aside on appeal unless clearly erroneous, and the complaining party bears the burden of demonstrating on appeal a finding of fact is clearly erroneous. *Van Klootwyk v. Van Klootwyk*, 1997 ND 88, ¶ 13, 563 N.W.2d 377. In awarding spousal support, the trial court should consider the needs of the disadvantaged spouse and the supporting spouse's ability to pay. *Orgaard v. Orgaard*, 1997 ND 34, ¶ 12, 559 N.W.2d 546. While the duration of the marriage is a factor in determining whether spousal support should be awarded, it may be appropriate to award spousal support regardless of the length of the marriage, and disparity in earning capacity is especially relevant. *Orgaard*, 1997 ND 34, ¶ 11, 559 N.W.2d 546.

[¶ 10] In support of its spousal support award, the trial court found there is substantial disparity in the parties' earnings which is unlikely to disappear even if Joyce Nelson obtains additional education or training. Neither party has persuaded us the court's award of spousal support is clearly erroneous. Nevertheless, the court cannot consider issues of property division and spousal support separately in a vacuum. *Gronland v. Gronland*, 527 N.W.2d 250, 253 (N.D.1995). Questions of property division and spousal support should be examined and dealt with together by the court, especially when, as in this case, there is a large difference in earning power between the spouses. *Wald v. Wald*, 556 N.W.2d 291, 296 (N.D. 1996). We, therefore, conclude it is appropriate for the trial court to reconsider spousal support in conjunction with its redetermination of the property division.

[¶ 11] Reversed and remanded.

[¶ 12] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.