1998 ND 204

**David A. GREGG, Plaintiff, Appellant and Cross–Appellee,**

v.

**Terri L. GREGG, Defendant, Appellee and Cross–Appellant.**

**Civil No. 980077**

Supreme Court of North Dakota.

Nov. 19, 1998.

MARING, Justice.

[¶ 1] David Gregg appealed from a divorce judgment, challenging the trial court's decisions on custody, property division, spousal support, and calculation of interim child support. Terri Gregg cross-appealed, challenging the trial court's denial of her request for attorney fees. We affirm the trial court's custody award, property division, award of interim child support, and denial of Terri's request for attorney fees. We reverse the trial court's award of spousal support. Neither party is awarded attorney fees on appeal.

[¶ 2] David and Terri were married during June 1988 in Texas. They moved to Michigan and while there had two children, Crystal, born May 31, 1990, and Stephanie, born September 30, 1991. David has an adult daughter, Tiffany, by a prior marriage.

[¶ 3] David and Terri are both career employees of the United States Air Force. They moved to North Dakota in the Spring of 1992. While in North Dakota, Terri attended college to complete prerequisites for an Air Force sponsored physician assistant program. Terri was accepted into the program, and in May 1995 she moved to Texas to complete the two-year required course of instruction. David and Terri agreed the girls would remain in North Dakota with him while Terri attended this training. Terri maintained contact with the girls through weekly telephone conversations and by visitations with them every two or three months. Terri completed her physician assistant training during June 1997. She was then commissioned a second lieutenant and is currently stationed at the Grand Forks Air Force Base working at the Air Force hospital. David is a sergeant, currently stationed at the Minot Air Force Base.

[¶ 4] Terri had an extramarital relationship while attending school outside North Dakota. The parties attempted to reconcile their marriage, but it irretrievably broke down, and David filed for a divorce in February 1997. Terri counterclaimed, also seeking a divorce. While the divorce was pending, the girls continued to reside with David and the court

Carol K. Larson, of Pringle & Herigstad, PC, Minot, for plaintiff, appellant and cross-appellee.

Robert S. Rau, of Bosard, McCutcheon & Rau, Ltd., Minot, for defendant, appellee and cross-appellant.

ordered Terri to pay interim child support of $412 per month.

[¶ 5] After a hearing, the court awarded both parties a divorce on the grounds of irreconcilable differences. It awarded custody of Crystal and Stephanie to Terri, with liberal visitation for David, who was ordered to pay $723 monthly child support. The trial court divided the marital property and awarded Terri $200 monthly spousal support for 48 months. The court denied Terri's request for attorney fees. David appealed and Terri cross-appealed.

### Custody Award

[¶ 6] David asserts the trial court's custody decision is clearly erroneous. He complains the trial court failed to adequately consider the importance of maintaining stability for the girls, who have lived with him since Terri began the physician assistant program in May 1995. David also complains the trial court failed to give sufficient consideration to Terri's adultery, which, in David's view, demonstrates she is morally unfit to have custody of their daughters.

[¶ 7] In *Reimche v. Reimche*, 1997 ND 138, ¶ 12, 566 N.W.2d 790, we summarized our process of limited review of a trial court's custody award under N.D.R.Civ.P. 52(a):

In a divorce proceeding, the trial court must award custody of the minor children based upon a determination of the best interests and welfare of the children. The trial court is vested with substantial discretion in matters of custody and in the determination of what is in the best interests of the children. A trial court's custody determination is a finding of fact that will not be set aside on appeal unless it is clearly erroneous. A trial court's findings of fact are presumptively correct. The complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous. In reviewing findings of fact, we must view the evidence in the light most favorable to the findings. A choice between two permissible views of the evidence is not clearly erroneous. Simply because we might view the evidence differently does not entitle us to reverse the trial court. A finding of fact is clearly erroneous only if the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. (Citations omitted.)

[¶ 8] In detailed findings, the trial court discussed the relevant factors under N.D.C.C. § 14–09–06.2, for deciding which parent should be awarded custody of the children. The court found both parents have love and affection for the children and the capacity to provide them guidance, education, food, clothing, and other necessaries. The court found Terri was the primary caregiver for the girls until she began the physician assistant training, at which time David became the primary caregiver. The court found David was controlling and regimented with Terri and the girls and that David was emotionally abusive toward Terri during the marriage, even after their separation.

[¶ 9] After considering all of the relevant factors, the court summarized its rationale for awarding custody to Terri:

The Court finds that [Terri] will be much more open and far less controlling of [David] having visitation with the children than [David] was with [Terri]. The Court also finds that she will encourage far more visitation between [the] children, their father and their grandparents than will [David] if he has custody. The Court finds that placement with [Terri] will allow the girls the opportunity to grow within themselves and it is [Terri] who will better promote their best interests and welfare.

These findings are supported by the record evidence. We disagree the trial court gave insufficient consideration to continuity and stability in the girls' lives. The evidence shows the girls have a close bond with both parents, and that even though Terri was away for substantial periods during her training, she maintained a close and loving relationship with the girls by frequent visitations and even more frequent telephone conversations.

[¶ 10] The trial court specifically found Terri's affair was not relevant to the custody issue, because the parties had reconciled the incident. The court found David condoned Terri's affair and treated her "with conjugal kindness" after learning of it. Con-

donation is an affirmative defense to oppose an action for divorce. N.D.C.C. § 14–05–10(3). Condonation has no legal significance to the issue of child custody. *See Ratajczak v. Ratajczak,* 1997 ND 122, ¶ 23, 565 N.W.2d 491. The court more importantly, under the evidence in this case, determined the affair was not very relevant to the custody issue, because the children were not affected by it. *See Foreng v. Foreng,* 509 N.W.2d 38, 40 (N.D.1993) ("We refuse to adopt [the] suggestion that evidence of extramarital relationships, per se, is an irrefutable indication of moral unfitness.").

[¶ 11] In discussing its custody decision, the court found there was evidence of domestic violence by David toward Terri. David complains the trial court should have considered, but did not, the 1997 amendments under N.D.C.C. § 14–09–06.2(j), which create a rebuttable presumption against awarding custody to the perpetrator of domestic violence only when the court finds "there exists one incident of domestic violence which resulted in serious bodily injury or involved the use of a dangerous weapon or there exists a pattern of domestic violence within a reasonable time proximate to the proceeding. . . ." *See Dinius v. Dinius,* 1997 ND 115, ¶¶ 17–18, 564 N.W.2d 300. Although the trial court found there was some evidence of domestic violence, it did not find the requisite degree of violence to raise the statutory presumption against David receiving custody of the children. Assuming the trial court erred in not considering the more restrictive domestic violence definition under the 1997 amendments, David was not harmed by the error because the court did not apply the domestic violence presumption against him.

[¶ 12] We conclude the trial court appropriately considered all relevant factors in making its custody award. The court found both parents fit to have custody of the children, but the scales tipped in favor of Terri receiving custody because she is less controlling and would better allow the girls "to grow within themselves." Terri has also demonstrated a willingness to facilitate the girls' relationship with David if she is the custodial parent, but David has not demonstrated a

similar willingness to foster the girls' relationship with Terri. Our review of the record evidence has not left us with a definite and firm conviction a mistake has been made. We conclude the custody determination is not clearly erroneous.

## Property Division

[¶ 13] David complains the trial court's property division is inequitable. Under N.D.C.C. § 14–05–24 "[w]hen a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper." In reviewing a property division on appeal, we start with the view that marital property should be equally divided and, while the division need not be exactly equal to be equitable, the trial court must explain any substantial disparity. *Christmann v. Christmann,* 1997 ND 209, ¶ 6, 570 N.W.2d 221. The trial court's determinations on valuation and division of property are treated as findings of fact and will be reversed on appeal only if they are clearly erroneous. *Wilhelm v. Wilhelm,* 1998 ND 140, ¶ 11, 582 N.W.2d 6.

[¶ 14] The trial court made an approximately equal division of the marital property. Using the trial court's valuations, the parties had total marital assets of $150,922 and marital debt of $122,859 resulting in net assets of $28,063. The court awarded David property valued at $33,350 and debt of $14,450 for a net distribution of $18,900. The court award Terri property valued at $117,572 with debt of $108,409 for a net distribution of $9,163. To achieve an equitable division the court ordered David to pay $4,000 to Terri. The resulting net property division is $14,900 for David and $13,163 for Terri.

[¶ 15] David complains the trial court should not have included as marital property assets purchased by Terri when she returned to North Dakota. When Terri returned to North Dakota David would not permit her to reside in the family home or to use any of the family vehicles. Consequently, she purchased a car and a home in Grand Forks and furnishings. The court valued these items at $105,409. These items were 100 percent financed, so they carried a commensurate debt of $105,409. In dividing the marital property, the court awarded these items to Terri

and also awarded her all of the debt on them. As a result, the items neither added nor detracted from David's share of the marital estate. Terri was awarded other marital property, valued at $12,163, and additional marital debt of $3,000 for a net distribution of other marital property equaling $9,163 plus the $4,000 cash payment the court ordered David to pay her. Consequently, Terri received a total net property distribution of $13,163. After making the $4,000 payment to Terri, David's net property distribution totals $14,900 or $1,737 more than Terri's net distribution.

[¶ 16] David complains the court included in the marital property a Geo Metro car and a $2,000 savings account which, he claims, the parties intended for his adult daughter, Tiffany. Those items were listed as marital property by the parties in their property listing and we find no error by the court's inclusion of them as part of the marital estate.

[¶ 17] David asserts the trial court erroneously included Excel-Telemarketing in the property division. Both parties listed Excel-Telemarketing as a marital asset with a value of $1,500. The court accepted the parties' $1,500 valuation and awarded this investment to David, who now claims this is a nonexistent asset without value. The record evidence supports the court's valuation, and we find no error in the trial court awarding it to David in dividing the marital property.

[¶ 18] David also complains the trial court erroneously valued the boat awarded to him at $5,000 when David testified it should be valued at $3,500. In the parties' property listing Terri valued the boat at $5,000 and the court accepted that valuation. We are not convinced the trial court erred in valuing this asset.

[¶ 19] The trial court valued each item of marital property and made an approximately equal net distribution to the parties, awarding David slightly more net property value than Terri. After reviewing the record evidence, we are not left with a definite and firm conviction the trial court made a mistake in valuing or dividing the marital property. We conclude the trial court's property division is not clearly erroneous.

## Spousal Support

 [¶ 20] David asserts the trial court's award of spousal support to Terri is clearly erroneous. The trial court's determinations in awarding spousal support are treated as findings of fact and will not be reversed on appeal unless they are clearly erroneous. *Young v. Young*, 1998 ND 83, ¶ 7, 578 N.W.2d 111. An award of spousal support must be made in light of the needs of the disadvantaged spouse and of the supporting spouse's needs and ability to pay. *Mahoney v. Mahoney*, 1997 ND 149, ¶ 28, 567 N.W.2d 206. We have stated there are two types of spousal support: "Permanent spousal support is appropriate to provide traditional maintenance for a spouse who is incapable of rehabilitation. Rehabilitative support is appropriate to restore an economically disadvantaged spouse to independent status or to equalize the burden of divorce." (Citations omitted). *Van Klootwyk v. Van Klootwyk*, 1997 ND 88, ¶ 13, 563 N.W.2d 377. Our court has held a trial court must consider the *Ruff–Fischer* guidelines when deciding a spousal support issue. *Id.* at ¶ 14, 563 N.W.2d 377. "Although the trial court does not need to make specific findings as to each guideline, it must specify a rationale for its determination." *Id.*

[¶ 21] David is a sergeant with the United States Air Force earning a gross monthly income, including military food and lodging allotments, of $3,115.95. Terri is a second lieutenant in the United States Air Force employed as a physician assistant currently earning a gross monthly income, including military food and lodging allotments, totaling $3,221.66. Terri acquired her physician assistant training during the marriage and David contributed to her efforts by providing the primary care for the children while Terri was taking classes out-of-state. It is undisputed Terri's earning potential is equal to or greater than David's earning potential.

[¶ 22] The trial court's only rationale for awarding Terri spousal support was that "[t]he divorce and the extreme financial situation [Terri] was placed in requires the period of maintenance and rehabilitative spousal support as set forth herein." The court also

expressly found that Terri's need for spousal support "is separate and not part of the foregoing equitable distribution of property." The record evidence does not support the trial court's award of spousal support under this record evidence.

[¶ 23] The court made an equitable division of the property, taking into consideration all of the marital assets and debt of these parties. During the marriage, Terri received her physician assistant training, which was provided by the United States Air Force. Consequently, Terri has no debt for that educational training. Terri's current income is slightly greater than David's income and her earning potential is equal to or greater than David's earning potential. Although this Court has not adopted the "minimalist doctrine" of rehabilitative spousal support, the record evidence does not support that Terri has been "disadvantaged" anymore than David by the divorce. We conclude the award of spousal support is not supported by the record evidence, is clearly erroneous and must be reversed.

### Interim Child Support

[¶ 24] While this divorce was pending, the trial court directed Terri to pay David interim child support of $412 per month. We review a trial court's determinations regarding child support under the clearly erroneous standard of N.D.R.Civ.P. 52(a). *Mahoney*, 1997 ND 149, ¶ 8, 567 N.W.2d 206. The trial court calculated interim child support under the child support guidelines, having before it the financial records provided by Terri for that purpose. David accepted the interim child support, as calculated by the trial court, without objection. We are not persuaded the trial court's award of interim child support is clearly erroneous.

### Attorney Fees

[¶ 25] Terri cross-appealed, claiming the trial court erred in refusing to award her attorney fees for these divorce proceedings. The trial court has considerable discretion in awarding attorney fees in a divorce action and its decision will not be disturbed on appeal unless it is affirmatively established the trial court abused its discretion. *Dickson v. Dickson*, 1997 ND 167, ¶ 18, 568 N.W.2d 284. The principal standards guiding an award of attorney fees in a divorce action are one spouse's need and the other's ability to pay. *Dickson*, at ¶ 19. We are not convinced the trial court abused its discretion in denying Terri's request for attorney fees.

[¶ 26] David requests attorney fees on appeal. We have concurrent jurisdiction with the trial court to award attorney fees on appeal. *Fenske v. Fenske*, 542 N.W.2d 98, 103 (N.D.1996). The parties received an approximately equal distribution of the marital property and have similar incomes. Neither party shall be awarded attorney fees on appeal.

[¶ 27] In accordance with this opinion, the trial court's custody award, division of marital property, interim child support award, and denial of Terri's request for attorney fees are affirmed. The trial court's award of spousal support is reversed. Neither party is awarded attorney fees on appeal.

[¶ 28] Affirmed in part and reversed in part.

[¶ 29] VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., concur.

[¶ 30] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.