2001 ND 31

**Cody NORTHROP, Plaintiff and Appellee,**

v.

**Daisy NORTHROP, Defendant and Appellant.**

**No. 20000157.**

Supreme Court of North Dakota.

Feb. 15, 2001.

Gary D. Ramsey, Greenwood & Ramsey, PLLP, Dickinson, ND, for defendant and appellant.

Mary E. Nordsven, Hardy, Maus & Nordsven, P.C., Dickinson, ND, for plaintiff and appellee.

MARING, Justice.

[¶ 1] Daisy Northrop appeals from a divorce judgment challenging the trial court's division of the marital estate. We reverse the trial court's distribution of the marital estate and remand for reconsideration consistent with our opinion.

## I

[¶ 2] Cody Northrop and Daisy Northrop began living together in 1991 and married on July 24, 1998. Prior to the marriage, the couple purchased a home together and had five children, one of whom died.

[¶ 3] In February 1992, Cody began working at Bob's Oilfield Services in Belfield, North Dakota. Cody earns an average gross monthly income of $2,037.33 and is provided with a 401(k) profit-sharing plan. At the time of the divorce, the plan had an estimated value of $35,800.

[¶ 4] In October 1994, Daisy began working part-time at a jewelry store in Dickinson, North Dakota. She resigned from her position in June 1997 and in November 1999 returned to work at the same store.

[¶ 5] Cody and Daisy entered into a stipulation, whereby Daisy was given primary custody of their four children born July 3, 1992, August 8, 1994, September 11, 1995, and February 6, 1998. A trial was held on February 17, 2000, and during the proceeding, the couple further stipulated to the distribution of all property except the riding lawn tractor and how to divide Cody's 401(k) profit-sharing plan.

[¶ 6] On March 20, 2000, judgment was entered awarding Daisy the riding lawn tractor and one-half of the value of Cody's 401(k) profit-sharing plan earned during the marriage. The court further distributed the parties' debts. The trial court found the value of all of the marital property was $82,722. The trial court found the total of the debt was $56,549 and Cody would be responsible for debt in the amount of $9,013.50 and Daisy would be responsible for debt in the amount of $47,535.50. The result of the stipulation and the court's judgment was that Cody received $29,340.79 and Daisy received $-3,167.79. Daisy filed her Notice of Appeal on May 24, 2000.

## II

[¶ 7] Daisy contends the trial court erred in distributing the marital estate. Specifically, she argues the court erroneously failed to consider the time she and Cody lived together prior to the marriage in dividing his 401(k) plan and failed to make an equitable distribution of the parties' property. Because we are unable to determine the trial court's rationale for its distribution of the property, we remand for the court to either redistribute the property or adequately explain the rationale for the significant disparity.

[¶ 8] Under N.D.C.C. § 14–05–24, a trial court shall make such equitable distribution of the marital property of the parties "as may seem just and proper." A trial court's determinations regarding division of marital property are treated as findings of fact that will not be reversed on appeal unless clearly erroneous. *Johnson v. Johnson*, 2000 ND 170, ¶ 43, 617 N.W.2d 97. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire evidence, we are left with a definite and firm conviction a mistake has been made. *Peterson v. Peterson*, 1999 ND 191, ¶ 6, 600 N.W.2d 851. Although property division need not be equal to be equitable, the trial court must explain any substantial disparity. *Gregg v. Gregg*, 1998 ND 204, ¶ 13, 586 N.W.2d 312.

[¶ 9] In determining an equitable distribution of the property, a trial court must consider the *Ruff–Fischer* guidelines. *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (N.D.1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). The *Ruff–Fischer* guidelines include:

the respective ages of the parties to the marriage; their earning abilities; the duration of the marriage and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical conditions; their financial cir-

cumstances as shown by the property owned at the time; its value and income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material. *Mellum v. Mellum,* 2000 ND 47, ¶ 15, 607 N.W.2d 580 (citation omitted).

[¶ 10] "The trial court is not required to make specific findings." *Weigel v. Weigel,* 2000 ND 16, ¶ 6, 604 N.W.2d 462. It must, however, indicate a rationale for its distribution of the property. *Id.* If the trial court fails to articulate an adequate factual basis for its property division or we are unable to determine its rationale through inference or deduction, we will remand for clarification of missing or conclusory findings. *Mellum,* 2000 ND 47, ¶ 16, 607 N.W.2d 580; *Emter v. Emter,* 1999 ND 102, ¶ 10, 595 N.W.2d 16.

[¶ 11] In *Bullock v. Bullock,* 354 N.W.2d 904, 907–08 (N.D.1984), this Court adopted a formula for presently distributing a vested, but presently inaccessible, military pension. "The *Bullock* formula uses the number of years of marriage while the pension was earned, divided by the number of total years in earning the pension, times one-half of the later retirement payout to calculate a divorced spouse's apportionment." *Welder v. Welder,* 520 N.W.2d 813, 815–16 (N.D.1994). Use of the *Bullock* formula, however, is not the only method of distributing a pension nor is it mandatory. *Braun v. Braun,* 532 N.W.2d 367, 370 (N.D.1995). An unequal division of the pension may be necessary to achieve an overall equitable division. *Id.*

[¶ 12] "When parties live together and then marry it is appropriate for the court to consider all of the their time together in dividing the marital property." *Kautzman v. Kautzman,* 1998 ND 192, ¶ 13, 585 N.W.2d 561 (quoting *Nelson v. Nelson,* 1998 ND 176, ¶ 7, 584 N.W.2d 527). We have never stated the trial court must equally divide an increase in the net worth of the parties' estate which occurred during the marriage, but all of the property, including the parties' separate property, is subject to distribution to either spouse if required for an equitable distribution. *Wetzel v. Wetzel,* 1999 ND 29, ¶ 16, 589 N.W.2d 889. A trial court must equitably distribute the marital estate based upon the circumstances of the particular case. *Nelson,* 1998 ND 176, ¶ 6, 584 N.W.2d 527.

[¶ 13] In *Braun,* the parties began living together in 1986, married in 1988, and divorced in 1994. 532 N.W.2d at 368. The couple had one child prior to the marriage and one child during the marriage. *Id.* In recognition of the direct burdens placed upon the wife in attempting to raise children and retain employment outside the home, the trial court did not use the *Bullock* formula to divide the pension. *Id.* at 370. The court instead distributed two-thirds of the husband's pension to the wife and the remaining one-third of the pension to the husband. *Id.* at 369. Our Court concluded the division of the husband's pension effectively accomplished an overall equitable distribution of the marital estate. *Id.* at 370.

[¶ 14] Cody and Daisy's marriage is not analogous to a typical marriage of short duration. Prior to the marriage, the parties lived together for nearly seven years, and during that time, they had five children together, one of whom died. During the years prior to the marriage, Cody and Daisy acquired the bulk of their property and debt. They purchased a home together and shared all of their expenses. When parties live together for a time, have children together, and then marry, our Court has made it clear the trial court may properly consider all of their time together. *Id.* at 371.

[¶ 15] Because we cannot discern the rationale for the trial court's substantial disparity in the distribution of this marital estate, the judgment of the trial court with regard to the division of property is re-

versed and remanded for consideration not inconsistent with this opinion.

[¶ 16] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.