2011 ND 57

**Daniel L. STEPHENSON, Plaintiff and Appellee**

v.

**Sharrie STEPHENSON, Defendant and Appellant.**

No. 20100237.

Supreme Court of North Dakota.

March 22, 2011.

**360**

Paul Henry Myerchin, Bismarck, N.D., for plaintiff and appellee.

Jaclyn Marie Stebbins, Bismarck, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Sharrie Stephenson appealed from a divorce judgment dividing the marital estate of her and Daniel Stephenson and awarding Sharrie Stephenson spousal support and attorney's fees. We affirm the award of spousal support and attorney's fees, reverse the property distribution, and remand.

I

[¶ 2] Daniel and Sharrie Stephenson were married in 1983 and initially divorced in 1994. They have two children together, who have reached the age of majority. Daniel Stephenson is a physician and was in the military until 1997. He currently works for the Department of Veterans Affairs and Trinity Hospital in Minot. Sharrie Stephenson has a three-year nursing degree. She worked part-time as a nurse for most of the parties' marriage but also had periods when she did not work outside the home.

[¶ 3] At the time of their 1994 divorce, the parties agreed Sharrie Stephenson would receive twenty-five percent of Daniel Stephenson's Department of Defense ("DOD") pension. The parties' agreement was incorporated into the divorce judgment. Daniel Stephenson began receiving benefits from his DOD pension in 1997 after he completed his military career. Daniel and Sharrie Stephenson remarried in 1997, and Sharrie Stephenson did not receive payment for the portion of the pension benefits she was awarded in the 1994 judgment.

[¶ 4] The parties separated in 2005 and Daniel Stephenson filed for divorce in 2008. The parties filed a joint property and debt listing and Sharrie Stephenson submitted a proposed property and debt

division. In December 2009, the district court issued a decision adopting the 1994 divorce judgment, adopting Sharrie Stephenson's proposed distribution of assets and liabilities, and awarding Sharrie Stephenson $90,000 as an adjustment for her interest in Daniel Stephenson's retirement accounts. Daniel Stephenson's net award, without the value of his pensions, is approximately $175,000. Sharrie Stephenson's net award, including the $90,000 the court awarded as an adjustment for the retirement accounts, is approximately $155,000. The court also ordered Daniel Stephenson pay Sharrie Stephenson $3,000 per month in permanent spousal support and $10,000 in attorney's fees.

[¶ 5] Daniel Stephenson moved for clarification of the court's order adopting the 1994 judgment and Sharrie Stephenson's proposed distribution of marital property. In March 2010, the court issued an amended decision, which included an itemized list of the property awarded to each party and clarified that it adopted Sharrie Stephenson's proposed property distribution except her proposed division of the retirement accounts and payment of spousal support and attorney's fees. The court also found that Daniel Stephenson's retirement assets are worth $173,731.50 and clarified that Sharrie Stephenson is entitled to $43,432.86 for her interest in Daniel Stephenson's retirement accounts under the terms of the 1994 judgment.

[¶ 6] In May 2010, a judgment was entered adopting the 1994 judgment, dividing the parties' marital estate, awarding Daniel Stephenson all of his retirement accounts, awarding Sharrie Stephenson $90,000 as an equity payment to offset the retirement accounts Daniel Stephenson received, and awarding Sharrie Stephenson $3,000 per month in permanent spousal support and $10,000 in attorney's fees.

## II

[¶ 7] When a divorce is granted, N.D.C.C. § 14–05–24(1) requires a district court to equitably distribute the divorcing parties' property and debts. Our standard of review for property distributions is well-established:

> We will not reverse a [district] court's findings on valuation and division of marital property unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence the reviewing court is left with a definite and firm conviction a mistake has been made. A choice between two permissible views of the evidence is not clearly erroneous if the [district] court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations.

*Paulson v. Paulson*, 2010 ND 100, ¶ 16, 783 N.W.2d 262 (quoting *Evenson v. Evenson*, 2007 ND 194, ¶ 6, 742 N.W.2d 829) (quotations and citations omitted).

## A

[¶ 8] Sharrie Stephenson argues the district court erred in its property valuation and division. She claims the court incorrectly calculated the value of Daniel Stephenson's retirement accounts and inequitably distributed the marital estate by awarding Daniel Stephenson a disproportionate amount of the parties' personal and retirement assets.

[¶ 9] To equitably distribute the parties' property and debts, the court must first determine the value of the marital estate, including all assets held by either party. *Lorenz v. Lorenz*, 2007 ND 49, ¶ 6, 729 N.W.2d 692. We presume a district court's property valuations are correct,

and valuations within the range of evidence presented are not clearly erroneous. *Paulson*, 2010 ND 100, ¶ 16, 783 N.W.2d 262. After the court determines the value of the marital estate, the court must consider the relevant factors under the *Ruff–Fischer* guidelines to determine an equitable property division. *Paulson*, at ¶ 16; *see Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.1966). The *Ruff–Fischer* factors include:

> The respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Lorenz*, at ¶ 6. The court is not required to make specific findings about each factor, but it must explain the rationale for its decision. *Id.* Generally a long-term marriage supports an equal division of the marital estate, but a property division does not need to be equal to be equitable and a substantial disparity must be explained. *Id.*

[¶ 10] The district court made findings about the *Ruff–Fischer* factors and divided the marital estate. The court found Daniel Stephenson is 58 years old and is in good health, he is employed full time by the Department of Veterans Affairs, he has completed a military career, and he has a yearly income of approximately $262,000. The court found Sharrie Stephenson is 55 years old, she has a three-year certificate as a registered nurse, she is no longer capable of full-time employment in her prior profession, and she has a

yearly income of approximately $13,200. The parties' first marriage lasted eleven years and the second marriage lasted thirteen years. The court found the parties had $200,604.60 in debt and allocated the debt to Daniel Stephenson, finding he agreed he would be responsible for the debt. The court adopted Sharrie Stephenson's proposed division of the parties' personal assets. The court awarded each party the separate houses they were living in at the time of the divorce and divided the parties' vehicles and other household goods as Sharrie Stephenson requested. The court awarded Sharrie Stephenson $8,114.05 in financial assets, including bank accounts and savings bonds, and awarded Daniel Stephenson $10,554.58 in financial assets.

[¶ 11] The court did not adopt Sharrie Stephenson's proposed division of the parties' retirement assets, in which she requested fifty percent of Daniel Stephenson's DOD pension benefits. The court awarded Sharrie Stephenson her individual retirement accounts worth approximately $11,203.44. The court awarded Daniel Stephenson his individual retirement accounts worth approximately $28,361.51, his Department of Veterans Affairs 401(k) worth $80,844.55, the DOD pension, and his Department of Veterans Affairs ("VA") pension. The court found "[Daniel Stephenson's] retirement benefits totaled approximately $173,731.50." The court also ordered, "Daniel shall make payment to Sharrie as an adjustment for Sharrie's interest in Daniel's retirement accounts, that in the amount of $90,000, to be paid by Daniel to Sharrie at the rate of $15,000 annually, together with interest thereon as permitted by law." Daniel Stephenson's net award, without the value of the DOD and VA pensions, is approximately $175,000. Sharrie Stephenson's net award, including the $90,000 the court awarded as

an adjustment for the retirement accounts, is approximately $155,000.

[¶ 12] Sharrie Stephenson contends the district court's finding about the value of Daniel Stephenson's retirement accounts is clearly erroneous and the court inequitably divided the retirement assets.

[¶ 13] Pensions and retirement accounts are marital assets that must be included in the marital estate and are subject to equitable distribution. *Nelson v. Nelson*, 1998 ND 176, ¶ 7, 584 N.W.2d 527. When dividing a pension or retirement plan, the court may award the present value of the benefits or it may award a percentage of future payments if the parties cannot agree upon the present value or there are insufficient assets for a present division. *Paulson*, 2010 ND 100, ¶ 19, 783 N.W.2d 262; *see also Lorenz v. Lorenz*, 2007 ND 49, ¶ 22, 729 N.W.2d 692; *Glass v. Glass*, 344 N.W.2d 677, 678–79 (N.D.1984).

[¶ 14] Sharrie and Daniel Stephenson did not present evidence of the present value of the DOD or VA pensions. Daniel Stephenson testified and presented other evidence that he receives $4,417 per month from his DOD pension and his benefits increase each year for the cost of living. He testified he started receiving monthly benefits from this pension in 1997, he will continue to receive monthly payments until he dies, and there is a survivor benefit that will go to Sharrie Stephenson after he dies which would provide her with $2,400 per month until her death. Daniel Stephenson also testified he will receive approximately $905 per month from his VA pension when he retires. There was evidence the other individual retirement accounts and 401(k) account the court awarded to Daniel Stephenson are worth approximately $109,206.06. The evidence does not support the court's finding that Daniel Stephenson's retirement benefits are worth $173,731.50. The court could not determine the present value of Daniel Stephenson's DOD and VA pensions because the parties did not present any evidence about those values, and it is not clear how the court determined the value of Daniel Stephenson's retirement benefits. *See Lorenz*, 2007 ND 49, ¶ 20, 729 N.W.2d 692 (court could not determine the value of military pension because neither party provided evidence about the value). The court must adequately explain the basis for its decision. *Id.* at ¶ 9. There is no evidence in this record to support the court's finding about the value of Daniel Stephenson's retirement accounts and the court did not award Sharrie Stephenson a percentage of future benefits.

[¶ 15] Sharrie Stephenson was awarded approximately $101,203 in retirement assets, including $11,203 for her accounts and $90,000 as payment for her interest in Daniel Stephenson's retirement accounts, and Daniel Stephenson was awarded approximately $109,206 in retirement assets in addition to the two pensions, the DOD pension and the VA pension. There was evidence the two pensions will provide Daniel Stephenson with approximately $53,000 per year in income until he retires and will provide approximately $63,000 per year in income after he retires. Although the court did not hear evidence of the pensions' present value, there was evidence the pensions are a valuable asset, and the court awarded these assets entirely to Daniel Stephenson.

[¶ 16] Daniel Stephenson contends the property distribution is equitable because the district court also awarded Sharrie Stephenson twenty-five percent of his ongoing DOD pension benefits when it adopted the 1994 judgment. Although the court stated it was adopting the 1994 judgment, the court's orders and judgment in this case do not state Sharrie Stephenson

will receive twenty-five percent of Daniel Stephenson's future DOD pension benefits in addition to her individual retirement accounts and the $90,000 equity payment. The court found Daniel Stephenson's retirement benefits were worth $173,731.50, and said "of which [Sharrie Stephenson] is entitled to 25 percent based upon the 1994 Judgment herein, that in the amount of $43,432.86." The court awarded Sharrie Stephenson a $90,000 cash payment as an adjustment for her interest in Daniel Stephenson's retirement accounts. The court's findings indicate it included the twenty-five percent previously awarded in the $90,000 payment for her interest in Daniel Stephenson's retirement accounts. Furthermore, as we discuss later, the court erred in adopting the 1994 judgment.

[¶ 17] We conclude there is a substantial disparity in the division of the retirement assets, which the district court did not explain, and Sharrie Stephenson was not awarded other property to help offset this inequitable distribution. Because there is no evidence of the present values of the DOD and VA pensions and the court did not award Sharrie Stephenson a percentage of the pension benefits and because there is a substantial disparity in the property division without an explanation for the disparity, we conclude the court's property distribution is clearly erroneous.

[¶ 18] Sharrie Stephenson also argues the court's division of the parties' personal assets, including vehicles and household goods, is not equitable. She contends the distribution is inequitable because the value of the household goods Daniel Stephenson was awarded is higher than the value of the household goods she was awarded and Daniel Stephenson was awarded most of the parties' vehicles. We have said the distribution of each individual asset does not have to be equitable; rather, the distribution of all the property

as a whole must be equitable. *Boehm v. Boehm*, 2002 ND 144, ¶ 11, 651 N.W.2d 672. Moreover, the court divided the parties' personal assets as Sharrie Stephenson requested.

[¶ 19] However, the division of these assets must be considered in the context of the entire property distribution. Daniel Stephenson's net award, without the value of the VA and DOD pensions, is approximately $175,000. Sharrie Stephenson's net award, including the $90,000 the court awarded as an adjustment for the retirement accounts, is approximately $155,000. We conclude there is a substantial disparity in the distribution of the parties' property. On remand the court must equitably distribute the entire marital estate. The court also failed to award one of the parties' recreational vehicles, the Honda 4x4, to either party, and the court should distribute this property on remand.

B

[¶ 20] Sharrie Stephenson contends the district court erred in adopting the 1994 judgment and awarding her twenty-five percent of Daniel Stephenson's DOD pension without providing a repayment schedule for her share of the benefits he received from 1997 until the divorce. She contends the issue of whether she is entitled to twenty-five percent of the DOD pension is res judicata because she was awarded this amount under the 1994 judgment and the issue cannot be relitigated.

[¶ 21] When parties remarry all of their assets, including the retirement benefits, become marital property and are subject to equitable distribution. *See Nelson*, 1998 ND 176, ¶ 8, 584 N.W.2d 527. When Sharrie and Daniel Stephenson remarried all of the retirement assets became marital property and the 1994 judgment distributing the property was no longer effective. Sharrie Stephenson was

no longer entitled to a separate payment for the share she had been awarded in the 1994 judgment; rather, she received the benefit of payments from the DOD pension during the marriage. Sharrie Stephenson is not entitled to payment for twenty-five percent of the benefits Daniel Stephenson received while they were married.

[¶ 22] Furthermore, Sharrie Stephenson was not entitled to twenty-five percent of the pension in the current divorce because she had been awarded the benefits under the 1994 judgment and she brought the property into the marriage. When the parties remarried all of their property became marital property subject to equitable distribution. *Nelson*, 1998 ND 176, ¶ 8, 584 N.W.2d 527. A court may consider the source of property when dividing the marital estate, but all property, regardless of its source, must be included in the estate for equitable distribution. *Hitz v. Hitz*, 2008 ND 58, ¶ 14, 746 N.W.2d 732. The court was required to divide the parties' property considering the totality of their relationship, and the prior judgment did not apply. *See Nelson*, at ¶¶ 7–8.

[¶ 23] Although the district court erred in adopting the 1994 judgment in its orders, the court did not err in failing to provide a payment schedule for the portion of benefits Daniel Stephenson received during the parties' second marriage.

### III

[¶ 24] Sharrie Stephenson argues the district court's spousal support award is clearly erroneous. She contends the court should have awarded her a greater amount of spousal support because it found she was a seriously disadvantaged spouse and Daniel Stephenson had been providing her with more than $3,000 per month while they were separated.

[¶ 25] A spousal support determination is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Paulson*, 2010 ND 100, ¶ 8, 783 N.W.2d 262. In deciding whether to award spousal support the court must consider the *Ruff–Fischer* guidelines and the supporting spouse's ability to pay and the receiving spouse's income and needs. *Paulson*, at ¶¶ 9, 11. " 'Questions of property division and spousal support cannot be considered separately or in a vacuum, but ordinarily must be examined and dealt with together, especially when there is a large difference in earning power between the spouses.' " *Reineke v. Reineke*, 2003 ND 167, ¶ 7, 670 N.W.2d 841 (quoting *Sommers v. Sommers*, 2003 ND 77, ¶ 15, 660 N.W.2d 586).

[¶ 26] Here, the court considered the *Ruff–Fischer* factors, Sharrie Stephenson's need for spousal support, and Daniel Stephenson's ability to pay. The court found Sharrie Stephenson would be unable to continue working full-time as a floor nurse because of her age and she does not have the education to assume a supervisory position, her education was compromised to facilitate Daniel Stephenson's career development, and Daniel Stephenson encouraged her to work part-time after they remarried. The court found Daniel Stephenson's yearly income was approximately $262,000 and Sharrie Stephenson's income was approximately $13,200. The court properly applied the *Ruff–Fischer* guidelines and other factors in deciding whether to award spousal support.

[¶ 27] There was evidence Daniel Stephenson paid Sharrie Stephenson approximately $3,250 per month and some of her other expenses while they were separated. The court awarded Sharrie Stephenson $3,000 per month in permanent spousal support. Permanent spousal support may be appropriate when there is

a substantial disparity in earning capacity and a substantial income disparity that cannot be adjusted by property division or rehabilitative support. *Paulson*, 2010 ND 100, ¶ 11, 783 N.W.2d 262. Permanent spousal support is also an appropriate remedy to ensure parties equitably share the reduction in their standards of living. *Reineke*, 2003 ND 167, ¶ 22, 670 N.W.2d 841. The court found permanent spousal support was appropriate because Sharrie Stephenson is a disadvantaged spouse and "Sharrie now has an earned income of less than ten percent of Daniel, and at age 55 is no longer capable of full-time employment in her prior profession." Although Sharrie Stephenson claims the court's spousal support award is not large enough, we have said a court must balance the burden created by the separation when it is impossible to maintain two households at the pre-divorce standard. *Paulson*, at ¶ 10.

[¶ 28] Based on our review of the record, we conclude the evidence supports the court's findings and we are not left with a definite and firm conviction the court erred in its permanent spousal support award. We conclude the court did not clearly err in awarding Sharrie Stephenson $3,000 per month in permanent spousal support. However, because spousal support and property division should be examined together and because we are remanding for the court to equitably distribute the martial property, the district court may reconsider Daniel Stephenson's spousal support obligation on remand.

## IV

[¶ 29] Sharrie Stephenson argues the district court abused its discretion by awarding her only a portion of her requested attorney's fees. She contends the court should have awarded her a much larger amount because her attorney's fees were more than $35,000 and she had a need for assistance in paying her fees and Daniel Stephenson has the ability to pay.

[¶ 30] Courts have "considerable discretion" in awarding attorney's fees under N.D.C.C. § 14–05–23, and the court's decision will not be reversed on appeal unless the court abused its discretion. *Sonnenberg v. Sonnenberg*, 2010 ND 94, ¶ 19, 782 N.W.2d 654. A court abuses its discretion if it acts in an unconscionable, unreasonable, or an arbitrary manner, or if it misinterprets or misapplies the law. *Id.* In deciding whether to award attorney's fees, the court must balance the requesting party's need against the other party's ability to pay and consider whether either party unreasonably increased the time spent on the case. *Id.*

[¶ 31] The court found Sharrie Stephenson was in need of assistance in paying her fees and Daniel Stephenson has the ability to pay. The court considered the parties' needs and ability to pay attorney's fees. We conclude the court's award of attorney's fees is not unconscionable, unreasonable, or arbitrary and was not an abuse of discretion.

## V

[¶ 32] We affirm the district court's spousal support and attorney's fees awards, but we reverse the property division, and remand for an equitable division of the marital estate.

[¶ 33] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.